## SCARBOROUGH *v.* SCARBOROUGH.

Decided December 6, 1890.

*Divorce—Corroboration of plaintiff—Admission of defendant.*

> In a suit for a divorce the testimony of the plaintiff cannot be sufficiently corroborated by proof of any admission of the defendant, though made to third person.

APPEAL from *Greene* Circuit Court, in Chancery.

J. E. RIDDICK, Judge.

*Sam W. Williams* for appellant.

Marriage is a status, and not a contract merely; a status in which the public have a vital interest; and a divorce will not be granted upon the testimony of a party, or the admissions in an answer, or the declarations of a defendant proven, as this contravenes the whole policy of the law.  34 Ark., 37; 13 S. W. Rep., 246.

HUGHES, J.  The appellee, the wife, sued for and obtained a decree of divorce from the appellant, her husband, from which he appealed to this court.

The appellee testified to cruel and barbarous personal abuse of herself by the appellant, calculated to render her condition intolerable, in consequence of which she fled from her home.

Barker, a witness, testified in substance, that appellant admitted to him that he had slapped appellee, and threatened to strike her with a board, and would have done so, but that he was prevented by his mother's persuasion.

This was in substance all the material testimony in the case.  " The statements of a complaint for a divorce shall

not be taken as true because of the defendant's failure to answer, or his or her admission of their truth." Mansf. Dig., sec. 2561.

At common law neither husband nor wife was competent to testify for or against the other, in a suit for divorce. But in this State a different, and perhaps a more beneficent, practice has prevailed for a long time, and has been approved by this court. Without going into a discussion of its origin and history, we are content to leave it undisturbed. In *Rie* v. *Rie*, 34 Ark., 40, Chief Justice ENGLISH said : "The practice now in this state is to admit the depositions of the parties in suits for divorce for what they are worth, but not to grant a divorce upon the uncorroborated testimony of the parties." 1 Wharton, Evidence, 433.

He also said that, "A divorce will not be granted on a demurrer to a bill, or upon failure to answer, or upon admission in an answer, or alone upon declarations or admissions of a defendant, proven by depositions or otherwise, because the public, and not the parties only, are interested in such suits." *Kurtz* v. *Kurtz*, 38 Ark., 119; *Brown* v. *Brown, id.*, 324.

The parties to this suit, under the practice and decisions in this State, were competent witnesses. But the testimony of the appellee is without corroboration.

The admissions of the husband could not be taken as corroborative evidence of the truth of her statements.

The decree was based upon the testimony of the wife and the admissions of the husband alone, and for the want of sufficient testimony it is reversed, and the complaint is dismissed.

Divorce—Corroboration.