WELBORN *v.* WELBORN.

4-3603

Opinion delivered November 26, 1934.

*J. Loyd Shouse* and *W. M. Thompson,* for appellant.

*W. K. Ruddell,* for appellee.

JOHNSON, C. J.   This is an action for divorce instituted by appellee against appellant in the Independence Chancery Court, the complaint alleging "indignities" in accordance with the mandate of § 3500, Crawford & Moses' Digest.   Appellant answered the complaint by general denial, and by way of cross-complaint prayed a decree in her behalf for separate maintenance, suit money, attorney's fees and costs.

To sustain the allegations of the complaint, the following testimony was adduced.   Murill Welborn testified that she is a daughter of appellee and is thirteen years of age; that she had met appellant upon the streets, and appellant did not speak to her.   This occurred before appellant and appellee began living together as husband and wife.

Luther Welborn, a brother of appellee, testified that he assisted appellee in his restaurant business, and that appellant would come in the place of business and raise "cain" with appellee because witness was working there.

Appellee testified in his behalf: That he is thirty-nine years of age and was married to appellant January 11, 1932; that they did not live together as husband and wife until about May 10, 1932, because appellant did not desire to take care of his children; that they lived to-

gether on this occasion only two weeks when appellant moved away because, as she said, she could not get along with the children. Thereafter in June, 1932, appellant brought suit against appellee for maintenance, but this suit was settled and dismissed, and appellant then returned to his home; that appellant objected to his going to see his children and giving them money, and "fussed every time I came home," and when he sent money to the children appellant would "blow up"; that appellant would "fuss" because appellee would not take her to shows "She told me that she couldn't come into the shop without some of my 'darned outfit' was there; that just before I left there or the morning appellant left she had been fussing ever since Saturday night about me not going out with her and this continued until Wednesday morning when appellant left."

Ada Welborn, appellee's sister, testified that she never saw appellant but one time and never had "any fusses" with her.

In rebuttal Fon Wagner testified that appellant came to his place of business and asked about appellee and stated that "she would have been glad to let him go" if he had settled up with her.

Mrs. Wagner corroborated the testimony of witness, Fon Wagner, and this was all the testimony adduced in appellee's behalf.

Without stating in detail the testimony on behalf of appellant, it may be said as to all material facts it flatly contradicts that produced for appellee, and in addition recounts a shocking set of facts and circumstances in reference to the conduct of appellee in regard to his marital obligations.

Appellee was awarded a decree of divorce, and this appeal is prosecuted therefrom. Were it conceded, which we do not for the reasons hereinafter expressed, that appellee's testimony was sufficient to establish cause for divorce, this would fall far short of complying with the prevailing rule in this State that a divorce will not be granted upon the uncorroborated testimony or admissions of either spouse. *Rie* v. *Rie*, 34 Ark. 40; *Kurtz* v. *Kurtz*, 38 Ark. 119; *Scarborough* v. *Scarborough*, 54 Ark.

20, 14 S. W. 1098; *Kientz* v. *Kientz,* 104 Ark. 381, 149 S. W. 86; *Arnold* v. *Arnold,* 115 Ark. 32, 170 S. W. 486.

The testimony of appellee's witnesses heretofore set out demonstrates its lack of corroborative facts and circumstances, and we have no hesitancy in holding its insufficiency.

Moreover, appellee's testimony, giving it its most charitable view, relates no facts or circumstances establishing indignities under our statute. True, he testified to certain "fussing," "blow ups," etc., and other conclusions but he does not undertake to detail the facts which superinduced these conclusions. Not only this, but appellee's testimony falls far short of the rule announced by us many, many times, to the effect, that to entitle a complaining spouse to a divorce for indignities, the conduct of the offending spouse must be of such nature as to connote settled hate and a plain manifestation of alienation and estrangement, and must have been followed habitually and continually through such period of time as to show settled hate and malevolence. *Rose* v. *Rose,* 9 Ark. 507; *Preas* v. *Preas,* 188 Ark. 854, 67 S. W. (2d) 1013.

Manifestly, therefore, the court erred in granting appellee a divorce on the testimony adduced. The trial court also erred in refusing to award appellant separate maintenance and a reasonable attorney's fee. The testimony in reference to appellee's ability to provide separate maintenance is to the effect that appellee owned a restaurant business in the city of Harrison which he gave to his brother for the asking; he gave a farm worth several hundred dollars to his sister because she had assisted him; he collected more than two thousand dollars from a fire insurance company which accrued to him because of a fire, and no satisfactory explanation has been made of its disposition. From this we conclude that appellee should be compelled to contribute $25 per month for appellant's separate maintenance which allowance is made effective as of date of the trial court's decree. Appellant's counsel is awarded an attorney's fee of $50 for his services in this court.

The cause is therefore reversed, and remanded with directions to enter a decree not inconsistent with this opinion.