This is an appeal from a decree of divorce granted appellee from appellant on her complaint charging general indignities and cruel and barbarous treatment over a period of years, and adjudging to her certain property rights in his property.
Two grounds are urged for a reversal: (1) That there was no corroboration of her testimony of mistreatment; and, (2) the property division was erroneous.
1. Of course, it is well settled in this state that a decree of divorce will not be granted on the testimony of the plaintiff alone, even though the alleged ground therefor is admitted by the defendant, but that it must be corroborated by other evidence to establish the truth of the charge. Pope's Digest, 4385; Rie v. Rie, 34 Ark. 37; Welborn v. Welborn, 189 Ark. 1063, 74 S.W.2d 98: The parties were married April 24, 1937, at Brownsville, Tennessee, and separated February 28, 1943, in Little Rock, where they lived since marriage, at 2715 Marshall street. Appellant is a traveling salesman and is away from home most of the time. Appellee is a registered nurse and continued her avocation after marriage. She testified that on numerous occasions appellant cruelly abused and mistreated her; that he cursed her, calling her vile names, *Page 1050 
and frequently struck and beat her, so that on numerous occasions there were black and blue bruised places on her body; and that he had beaten her up at least 25 times during their married life. We do not go into the details of these beatings, nor the details of the cause of the trouble between them. Suffice it to say they are sufficiently cruel, sordid and barbarous to justify the court in granting a divorce, if any of them are sufficiently corroborated, and we think there is such corroboration.
There is in the record a valentine addressed "To my Joe" and signed "All my love, your wife, Nell." Appellee found this valentine in appellant's suitcase. This indicates misconduct on his part with other women about whom their troubles frequently arose and we think is some corroboration of her charge of indignities. Numerous witnesses saw the bruised places on appellee shortly after appellee said appellant had beaten her, at different times. While they could not say that appellant caused them, we think their existence on her body constitutes corroboration of her testimony that he did beat her up, in the absence of any showing to the contrary. Also, on February 20, 1943, a few days before the separation, she testified that he beat her almost into a state of unconsciousness, until she was hysterical and screamed out as loud as she could, "He is killing me." A great disturbance was thereby created, such as to alarm the neighbors who ran out of their homes and onto their porches and sidewalks to learn what the commotion in the Goodlett home was about, and some one of them called the police, two officers responded. The officers testified they found appellee hysterical and crying. Appellant admitted to them that he struck her and would do so again if she called him a vile name. We think this testimony of the officers, as also that of the neighbors regarding her screams and the disturbance in their household constitutes some corroboration that appellant had been beating her. In Rogers v. Rogers, 35 Idaho 645,208 P. 234, it was held that the testimony of physicians to the finding of marks upon the wife's body at about the date of the alleged assault was slightly corroborative *Page 1051 
of her testimony regarding the assault, the court indicating such testimony would have been distinctly corroborative if the examination had occurred immediately after the assault, and a showing of improbability that the bruises were received other than as claimed. In Roelke v. Roelke, 103 Wis. 204, 78 N.W. 923, the wife's testimony of mistreatment, culminating in an assault by her husband, was sufficiently corroborated by testimony of her son that he saw marks upon her immediately after the assault. There is an extended annotation on the subject of the extent and sufficiency of corroboration in 65 A.L.R. 169, where on page 174, the annotator makes this statement: "In cases of cruelty or other mistreatment, there is a tendency to hold that independent proof of conduct of the defendant of the sort complained of, at least where more than one instance of it is established, is sufficient corroboration of the whole of plaintiff's testimony as to mistreatment." See Scales v. Scales,167 Ark. 298, 268 S.W. 9. And again at page 175 it is said: "The cases are agreed that the purpose of the rule requiring corroboration is to prevent procuring divorces through collusion, and that where it is plain there is no collusion, the corroboration may be comparatively slight." Here, there is no collusion and we think the testimony set out above and other testimony in the record sufficiently corroborates appellee to justify the court in granting the decree.
2. As to the division of property, the court awarded to appellee $1,050 in cash, being a one-third interest in the bank account of appellant and $75 cash, being a one-third interest in government bonds owned by appellant. Also the furnishings in one room of the home purchased by her and one-half the remainder of all personal property in the home, and the automobile were awarded her as her own. Also she was awarded a one-third interest for life in the home place and in 40.52 acres of land in Pike county. Appellant contends that the court erred in awarding her the furnishings in one room, half the remaining furniture and the automobile. Appellee contends and has cross-appealed that she is entitled to all the furniture and a greater interest in the homestead *Page 1052 
because she furnished the money from her own earnings with which to help pay for same. As to the automobile, it was purchased by trading in an old one and each of the parties paying half the remaining purchase price and the title was taken in her name. We are unable to say that the court's decree as to property rights is against the preponderance of the evidence.
We, therefore, affirm both on direct and cross-appeal.