ALLEN *v.* ALLEN.

4-8114                                        200 S. W. 2d 324

Opinion delivered March 17, 1947.

*R. C. Waldron,* for appellant.

*Blackford & Irby,* for appellee.

GRIFFIN SMITH, Chief Justice. An order finally dismissing the plaintiff's cause for want of jurisdiction is appealed from. The question is whether Joseph Allen, who had lived at Hot Springs (making occasional visits to other States) was a resident of Lawrence County

within the meaning of our statutes authorizing divorce. See "Venue," Pope's Digest, Sec. 4383.

The Allens were married at Malvern in March 1943. The complaint alleges separation without cohabitation for more than three years. Act 20, approved January 27, 1939, 7th subdivision; Pope's Digest, Sec. 4381.

Testimony by the parties is that they lived together less than three months. In October 1943 the husband sought a divorce in Garland County, alleging indignities. Mrs. Allen's answer contained similar charges against the plaintiff. In amended and substituted pleadings it was alleged that Mrs. Allen deserted her husband May 11, 1943. At the December 1944 term Chancellor Garratt dismissed the complaint for want of equity. No appeal was taken. In the meantime a part of Allen's pension as a Spanish War Veteran had been deducted by the Administration and sent monthly to Mrs. Allen.

Although appellant insists he was a resident of Lawrence County within the meaning of divorce statutes, and supplements this claim with testimony of his boarding-house landlady who says he maintained quarters and took meals in the establishment for six weeks or more, and supporting witness (the landlady) says she had seen Allen in Hoxie continuously for several weeks, force of this evidence was largely destroyed by the plaintiff's answers to questions by the Court. Effect of the interrogation was to show that Allen left Hot Springs and went to Lawrence County for the purpose of getting a divorce, "because justice could not be procured at Hot Springs." There is nothing in the record to indicate that appellant was denied any of his rights by the Garland Chancellor. In the light of admissions, the Court from which this appeal comes properly held that it was without jurisdiction. *McLaughlin* v. *McLaughlin,* 193 Ark. 207, 99 S. W. 571; *Hillman* v. *Hillman,* 200 Ark. 340, 138 S. W. 1051.

There is another reason the divorce should not have been granted on the testimony presented. Allen alleged separation for three years, and Mrs. Allen, while denying

other parts of the complaint, admitted separation without cohabitation for the period mentioned. There was no corroboration of the plaintiff's testimony that the period of separation was three years. The evidence is not sufficient. *Pryor* v. *Pryor,* 151 Ark. 150, 235 S. W. 419.[1] In *Davis* v. *Davis,* 163 Ark. 263, 259 S. W. 751, this statement appears: "So, even if the appellant had admitted all that appellee charged against her, we could not grant him a divorce upon his uncorroborated testimony." Mr. Justice MEHAFFY's opinion in *Bell* v. *Bell,* 179 Ark. 171, 14 S. W. 2d 551, cited *Scales* v. *Scales,* 167 Ark. 298, 268 S. W. 9, and said: "That case also holds that the rule is well settled that divorces will not be granted upon the uncorroborated testimony of either party, even if admitted to be true by the other party."

The decision in *Goodlet* v. *Goodlet,* 206 Ark. 1048, 178 S. W. 2d 666, copies from *Scales* v. *Scales,* where it is said: "The cases are agreed that the purpose of the rule requiring corroboration is to prevent procuring divorces through collusion, and that where it is plain there is no collusion, the corroboration may be comparatively slight." Other decisions are consonant.

Affirmed.

---

[1] In the Pryor case, Mr. Justice Wood, who wrote the Court's opinion, said: "Divorces are not granted upon the uncorroborated testimony of the parties and their admissions of the truth of the matters alleged as grounds thereof". Citations were *Sisk* v. *Sisk,* 99 Ark. 94 136 S. W. 987; *Rie* v. *Rie,* 34 Ark. 37; *Kurtz* v. *Kurtz,* 38 Ark. 119; *Brown* v. *Brown,* 38 Ark. 324; *Scarborough* v. *Scarborough,* 54 Ark. 20, 14 S. W. 1098; *Kientz* v. *Kientz,* 104 Ark. 381, 149 S. W. 86; *Shelton* v. *Shelton,* 102 Ark. 54, 143 S. W. 110; *Johnson* v. *Johnson,* 122 Ark. 276, 182 S. W. 897.