PARNELL *v*. PARNELL.

4-8140                                             204 S. W. 2d 469

Opinion delivered September 29, 1947.

*John W. Nance,* for appellant.

*Jeff Duty* and *Rex Perkins,* for appellee.

ROBINS, J. By the lower court's decree appellee was granted an absolute divorce from appellant on the ground that appellant had been guilty of such indignities toward appellee as to render his life with her intolerable. Appellant seeks to reverse that decree.

These parties were married in 1918, and lived together until 1945, when appellee left his home because, as he averred, his wife's constant nagging and quarreling made it impossible for him longer to live with her. Seven children, six of whom are living, were born to them, the

youngest being thirteen years of age and the eldest twenty-eight years of age at the time of the trial.

Appellee testified that several years before the separation appellant began to quarrel at him and to make unjust accusations against him and that this conduct on her part continued until it injured his health and forced him to leave home.

Appellant and five of their children, in their testimony, denied appellee's version.

It is unnecessary for us to determine which account of this unfortunate controversy is supported by a preponderance of the evidence, because a careful reading of the entire record discloses that there was no sufficient corroboration of appellee's testimony. .

The rule in this state, long established and uniformly adhered to in our decisions, is that in order to justify the granting of a divorce the testimony of the complaining spouse, as to the grounds for divorce, must be corroborated by that of some other witness. *Rie* v. *Rie,* 34 Ark. 37; *Kurtz* v. *Kurtz,* 38 Ark. 119; *Scarborough* v. *Scarborough,* 54 Ark. 20, 14 S. W. 1098; *Kientz* v. *Kientz,* 104 Ark. 381, 149 S. W. 86; *Arnold* v. *Arnold,* 115 Ark. 32, 170 S. W. 486; *Welborn* v. *Welborn,* 189 Ark. 1063, 76 S. W. 2d 98; *Calhoon* v. *Calhoon,* 209 Ark. 80, 189 S. W. 2d 644.

Appellee introduced four witnesses, but none of them testified to any such conduct on the part of appellant as would justify a decree of divorce against her. One of these witnesses was a physician, who testified as to appellee's bad health, and stated that he had concluded from appellee's "psychical history" that appellee's health had been adversely affected by domestic discord. Another was a neighbor who stated that on one occasion appellant told her that appellee had been keeping bad company; and appellee's other two witnesses testified merely as to the good character of appellee. None of these witnesses corroborated appellee as to any mistreatment of him by appellant.

Counsel for appellee argue that corroboration as to these alleged indignities is to be found in the testimony of appellant and that of their children, who testified on her behalf. Even if the testimony of appellant reflected any admission of appellee's charges against her—and we find no such admission in her testimony—this would not obviate the requirement that appellee's testimony be corroborated. *Pryor* v. *Pryor,* 151 Ark. 150, 235 S. W. 419; *Read* v. *Read,* 158 Ark. 643, 240 S. W. 410; *Scales* v. *Scales,* 167 Ark. 298, 268 S. W. 9. The children of these parties did testify that there had been some trouble between their parents, but they placed the blame therefor on appellee, saying that he was high tempered and that he began the arguments. They praised their mother and said that she had done her duty to appellee in every way.

Since there was no corroboration of the testimony of appellee, the lower court erred in granting the divorce.

So much of the decree of the lower court as awards a divorce to appellee is reversed and this cause is remanded with directions to dismiss appellee's complaint for want of equity.