MAY *v.* MAY.

4-9975                                          254 S. W. 2d 957

Opinion delivered February 9, 1953.

*Richard W. Hobbs,* for appellant.

WARD, Justice. On April 14, 1952, appellant filed suit against her husband, appellee, for a divorce. On May 13, 1953, appellee entered a special appearance challenging the jurisdiction of the court on the ground that appellant was not a *bona fide* resident and domiciliary of the State of Arkansas. On June 4, 1952, after a hearing on the issue thus raised, the trial court held for appellee, and appellant prosecutes this appeal.

The only question for this Court to decide is whether the decision of the trial court was against the weight of the evidence. The trial court found that the evidence failed to show appellant was a resident of Arkansas under the terms of the ninety days divorce law [*Ark. Stats.* § 34-1208], as heretofore interpreted by this Court, and we agree with this conclusion.

The only evidence in the record is the testimony of appellant and the exhibits introduced, and it shows substantially the following:

Appellant was married to appellee in Canada on October 11, 1941. She was at the time and is now a citizen of Canada, where her husband lives. About four and one-half months before her complaint for divorce in this case was filed, on January 6, 1952, she left Canada on a permanent visa and came to Hot Springs, Arkansas. On May 19, 1952, she filed in the United States District Court at Hot Springs a Declaration of Intention to become a citizen of this country. In this Declaration of Intention she stated, as she was required by law, that before she was admitted to citizenship here she would renounce all allegiance to any other sovereignty. She resided in an apartment, had a local bank account, had worked about two weeks at the local Merchant's Treas-

ury Chest, had registered at the local employment office for work, had paid a doctor bill for treatment, and had rented a typewriter for one month with which to practice typing.

There was other testimony indicating that she separated from her husband in April, 1951, and went to Nevada where she filed suit for divorce; that this action was dismissed and she returned to her husband but could not effect a reconciliation; that she was acquainted with a Walter Lowe in Jersey City, who had obtained a divorce in Hot Springs, but she had not seen him since August, 1951; that her mother had obtained a divorce in Reno; and that she inquired about a lawyer soon after arriving in Hot Springs, and within two weeks she consulted her present attorney about a divorce.

Appellant states that she prefers the United States over Canada, that she likes Hot Springs and intends to make it her home, and that she did not come here to secure a divorce.

In the light of the above we cannot say the Chancellor's finding was against the weight of the evidence. He had the appellant before him and so was in a better position than we are to determine the amount of credence to give her testimony. He was not compelled to treat her testimony as uncontradicted since she was, of course, an interested witness.

Since the decision rendered in the case of *Cassen* v. *Cassen*, 211 Ark. 582, 201 S. W. 2d 585, it is well recognized that the requirements as to proof of residence in this kind of case are stricter than had previously been approved. As this opinion holds, it is necessary here that appellant must in fact and in truth be a *bona fide* resident of Arkansas and that such residence must be shown by overt acts sufficient to demonstrate a real and *bona fide* intent to acquire such a residence. Overt acts in this connection mean something more than acts consistent with a latent intent to reside some place temporarily. None of the things appellant has done here are calculated to make it particularly inconvenient or embar-

rassing, financially or otherwise, to leave Hot Springs at any time. These facts may be considered also in connection with the holding in *Kirk* v. *Kirk,* 218 Ark. 880, 239 S. W. 2d 6, where it was said ". . . that proof of residence must be corroborated the same as any other essential fact."

The one act of appellant shown here which might be considered "overt" and in some measure corroborative is, we think, not persuasive, for several reasons. We refer to the fact that she has applied for citizenship in the United States and that she says she has renounced citizenship in Canada. In the first place, her application for citizenship here was filed more than a month after her divorce suit was filed. In the *Cassen* case, *supra,* it was said: "This essential as to a *bona fide* residence must exist not only at the time the decree is rendered, but also must have existed at the time the suit was filed." Moreover, the matter of acquiring citizenship here, while ordinarily significant, is a process that extends over a period of years and may be withdrawn at any time. When appellant says she has renounced citizenship in Canada, she must be referring to the fact that in filing a Declaration of Intention to become a citizen of the United States, it was incumbent upon her to state that she would renounce citizenship in Canada before being granted citizenship here. Consequently, appellant's said act and assertion, like the other incidents shown by the record, cannot be said to be conclusive of her intent to become a *bona fide* resident of Arkansas.

In accordance with the views expressed above, the decree of the trial court is affirmed.

ROBINSON, Justice (dissenting). The majority opinion holds that the evidence in this case does not prove appellant is a resident.

The law provides that a person may maintain a suit for divorce in this State after a ninety-day residence has been established. If the evidence in this case does not prove residence on the part of appellant, then it is hard to understand how a person could ever prove themselves

to be a resident of the State after they have lived here only ninety days.

Appellant has applied for citizenship in the United States. If she is not a resident of ·Hot Springs, she is not a resident of the United State's because she is not living anywhere else in this country. When the Federal court passes on her application for citizenship, no doubt it will hold that she was a resident of Garland County, Arkansas, at the very time this court is now saying she is not a resident.

In my opinion she has proven herself to be a *bona fide* resident of Garland County, Arkansas, and I therefore respectfully dissent.