LaGasse *v.* LaGasse.

5-2567                                    354 S. W. 2d 274

Opinion delivered February 26, 1962.

*Witt & Witt* and *J. Fred Jones,* for appellant.

*Wood, Chesnutt & Smith,* by *James W. Chesnutt,* for appellee.

Jim Johnson, Associate Justice. This is an appeal from a Chancery decree granting appellee, Betty La-Gasse, a divorce from appellant, George Autry LaGasse; awarding alimony pendente lite and permanent alimony, and adjudicating property rights between the parties.

Appellee sought the divorce upon the grounds of general indignities, asked for alimony pendente lite, permanent alimony, attorney's fees, suit money and costs of the action, and further requested that she be awarded her share of all properties and monies owned by appellant. During the course of the litigation in the trial court, appellee caused a writ of equitable garnishment to be issued against appellant's funds in the Pike County Bank in Murfreesboro wherein he maintained an account. Appellee, by amendment to her complaint, also made appellant's father, George LaGasse, a defendant in the action in the trial court alleging, *inter alia,* that appellant's father had entered into a conspiracy with appellant to defraud her of her property rights by the attempted transfer of appellant's interest in the LaGasse Lumber Company to his father.

Appellant and his father answered denying collusion but asserting that the transfer was effected in order that a contract with the Louisville Cooperage Company of Louisville, Kentucky, could be fulfilled.

Neither George LaGasse, appellant's father, nor Pike County Bank have appealed from the Chancellor's decree.

Appellant argues first that appellee did not state a cause of action for a divorce in her complaint. There is no merit to this contention. The complaint alleged the race of the parties; their marriage; their residence in Arkansas, and stated in some particularity the studied contempt and neglect habitually and continuously practiced by the appellant against the appellee extending for more than a year. The complaint contained other allegations and without detailing all of them, suffice it to say the complaint stated a cause of action. No such question was raised in the lower court.

Next the appellant says that the appellee failed to prove sufficient grounds for a divorce under the Arkansas law. The appellee's testimony went into detail concerning the indignities that she had suffered and the matter of corroboration will subsequently be considered.

Appellant next contends that the trial court erred in granting a divorce to appellee on her own uncorroborated testimony. Appellee testified to numerous indignities which have occurred since the couple moved to Mt. Ida in 1951 which evidenced a general lack of harmony and compatibility in the home, much of which was brought about by appellant's excessive drinking. She related that on numerous occasions appellant would stay out all night and her inquiry concerning his whereabouts met with profanity and anger and his answer to her inquiries was "out"; that on three occasions he struck her and when he was drinking he was always in a bad humor and cross and would attempt to pick a fight when he came home. That on the night he left permanently he came home after midnight ranting and cursing and kept it up until 2:30 a.m. and then left. The above testimony is undisputed by appellant and there is some corroboration by appellee's witness. This Court has adhered to the rule that in an action for divorce a decree will not be granted upon the uncorroborated testimony of one of the parties. *Smith* v. *Smith,* 215 Ark. 839, 223 S. W. 2d 776. But the purpose of the rule requiring corroboration is to prevent the procuring of divorces through collusion and when it is plain that there is no collusion, the corroboration may be comparatively slight. *Kirk* v. *Kirk,* 218 Ark. 880, 239 S. W. 2d 6. In the instant case the action was contested and there was no manifestation of collusion. We said in the recent case of *Anderson* v. *Anderson,* 234 Ark. 375, 352 S. W. 2d 369, quoting the rule which was stated in *Morgan* v. *Morgan,* 202 Ark. 76, 148 S. W. 2d 1078:

"It is not necessary that the testimony of the complaining spouse be corroborated upon every element or essential of his or her divorce. It has been said that

since the object of the requirement as to corroboration is to prevent collusion, where the whole case precludes any possibility of collusion, the corroboration only needs to be very slight.''

The next six points relied on by appellant for reversal are:

The trial court abused its discretion and erred in issuing a garnishment order against the funds in the Pike County Bank; the trial court erred, abused its discretion and exceeded its legal jurisdiction in awarding to appellee alimony pendente lite which it found should have been previously awarded to her and in rendering judgment against the appellant for an amount he should have paid without order and while petition and motion therefor was still pending; the trial court's finding that the appellant and his father entered into a conspiracy to defraud the appellee is not supported by the evidence and the trial court erred, abused its discretion and exceeded its legal jurisdiction in setting aside the lease of the stave mill equipment to George LaGasse; the trial court's finding that appellee is unable to work and support herself is not supported by the evidence; the trial court's finding that the appellant is financially able to pay to the appellee $150 per month alimony is not supported by the evidence and the trial court erred in making such award; the trial court erred in awarding attorney fees of $250 against the appellant in addition to the fee to be paid by the appellee without settling the amount to be paid by appellee.

Each of these asserted errors involve a determination of fact by the Chancellor and/or an exercise of his sound discretion. Although divorce cases are tried *de novo* on appeal, the Chancellor's findings on questions of fact will not be disturbed unless such findings are clearly contrary to the preponderance of the evidence, the reason being of course that the Chancellor is in a much better position to determine the questions of fact since he is able to view the demeanor of the witnesses and the manner in which they answer questions and to

determine their credibility. *Coffey* v. *Coffey,* 223 Ark. 607; 267 S. W. 2d 499; *Anderson* v. *Anderson, supra.* From the record here presented, we are unable to say that the Chancellor's conclusions are contrary to the preponderance of the evidence or that he abused his sound discretion.

For the reasons above stated, the Chancellor's decree is in all things affirmed.