Vickie Ruth POWELL, a minor by her Mother and Next Friend, Helen Reynolds *v.* Kenneth Allen POWELL

5-4330                                420 S. W. 2d 528

Opinion delivered November 13, 1967

*Brockman & Brockman,* for appellant.

*Charles S. Goldberger,* for appellee.

Lyle Brown, Justice. Vickie Ruth Powell, appellant, filed suit for divorce against Kenneth Allen Powell. She being a minor, suit was brought by her mother as next friend. After Vickie had testified in her own behalf, the chancellor dismissed her complaint, holding that she had "failed to make a showing of what this court conceives to be adequate grounds for divorce." The request of Vickie's counsel to produce three other witnesses was denied.

The effect of the trial court's ruling was to hold that the complaining spouse must first make a prima facie case by his or her testimony before any other evidence could be produced on behalf of the plaintiff. We know of no statutory or case law which supports that theory. In fact we can conceive of more than one situation where the appearance of the complaining spouse on the witness stand might be merely perfunctory. That would be more particularly true when the spouse is a girl of immature years.

Secondly, this young couple lived together for the better part of five months. She testified that she was physically abused on a number of occasions; that her husband had a violent temper and would curse her; that he would not keep a job; that his misrepresentations to their landlady caused them to be expelled from their apartment; that their parents had to help support them; that he constantly told her falsehoods; that his abuses were frequently in the presence of relatives and friends and those experiences were embarrassing to her; that she had no love or respect for him because of the recited indignities and wanted a divorce.

As pointed out by the chancellor, the plaintiff did not categorically state that the condition to which she testified made her married life unbearable. But from her testimony it could have been reasonably inferred. In that connection we think the immaturity of this girl should be taken into consideration; she should not be held to the same technical requirements as might be required of a person of maturity and experience. Furthermore, Vickie's mother was around the couple during a considerable portion of their cohabitation. She might well have supplied the court with enlightenment as respects the effect of the indignities on Vickie. She was one of the three witnesses whom the court declined to hear.

Unless a full-scale hearing refutes Vickie's testimony, or unless her credibility be discounted by that

hearing, we hold she may well be entitled to a divorce. She need not be corroborated on every assertion. The purpose of requiring corroboration "is to prevent the procuring of divorces through collusion and when it is plain there is no collusion, the corroboration may be comparatively slight." *LaGasse* v. *LaGasse*, 234 Ark. 734, 354 S. W. 2d 274 (1962). Kenneth Allen Powell filed an answer and appeared for trial in person and by counsel. Collusion was not even suggested.

The chancellor permitted counsel for plaintiff to introduce into the record affidavits of the three proffered witnesses. However, the chancellor did not consider them in rendering his decision. We therefore see no need, especially in view of a possible trial, to comment on them.

Reversed and remanded.