SAM WELCH *v.* FLOSSIE WELCH

5-6207                                        491 S.W. 2d 598

Opinion delivered March 19, 1973

*Kenneth Coffelt,* for appellant.

*John W. Cole,* for appellee.

JOHN A. FOGLEMAN, Justice. For reversal of the decree denying a divorce to appellant upon the ground of desertion and granting appellee's counterclaim for divorce on the ground of indignities to the person and awarding appellee a one-third interest for life in certain real estate, appellant argues that not only is the decree clearly against the preponderance of the evidence, but it is without substantial evidentiary support. He also contends that, under the evidence, he is clearly entitled to a decree of divorce on the ground of desertion.

We agree with appellant that the part of the decree granting appellee's counterclaim is not adequately supported by the evidence, for want of corroboration. It is true that we require only slight corroboration in a case as sharply contested as this one. *Anderson* v. *Anderson,* 234 Ark. 379, 352 S.W. 2d 369. Still, an examination of both appellant's and appellee's abstracts of the evidence reveals that the only corroboration of appellee's statements, that she had left appellant because his nagging made her nervous, was the testimony of her sister that she observed that appellee was very, very nervous and that the doctor to whom appellee was taken by the sister said that appellee was nervous. No one other than appellee testified that appellant was guilty of the conduct with which he was charged.

The granting of a divorce on this ground requires a showing of habitual, continuous, permanent and plain manifestation of settled hate, alienation and estrangement

on the part of one spouse, sufficient to render the condition of the other intolerable. *Settles* v. *Settles,* 210 Ark. 242, 195 S.W. 2d 59; *Welborn* v. *Welborn,* 189 Ark. 1063, 79 S.W. 2d 98; *Preas* v. *Preas,* 188 Ark. 854, 67 S.W. 2d 1013; *Simpkins* v. *Simpkins,* 136 Ark. 588, 207 S.W. 28. This construction of the statute goes to the very verge of safety and is to be cautiously applied. *Preas* v. *Preas,* supra; *Calhoon* v. *Calhoon,* 209 Ark. 80, 189 S.W. 2d 644; *Kurtz* v. *Kurtz,* 38 Ark. 119. Because of the extreme caution required, careful attention must be given to the corroborating evidence. See *Malone* v. *Malone,* 76 Ark. 28, 88 S.W. 840. In doing so, we keep in mind that the requirement of only slight corroboration applies with full force to this ground. *Anderson* v. *Anderson,* supra; *Sowards* v. *Sowards,* 243 Ark. 821, 422 S.W. 2d 693. When we give the testimony this kind of consideration, we are unable to say that the corroborating evidence in support of appellee's testimony is sufficient.

It was not necessary that appellee be corroborated upon every assertion by her or every detail of her testimony, or every element or essential of her grounds for divorce. *Anderson* v. *Anderson,* supra; *Powell* v. *Powell,* 243 Ark. 463, 420 S.W. 2d 528; *Sowards* v. *Sowards,* supra; *Coffey* v. *Coffey,* 223 Ark. 607, 267 S.W. 2d 499. Still, since it is for the court to say whether the alleged offending spouse is guilty of acts and conduct indicative of settled hate and plain manifestation of alienation and estrangement and whether they have been pursued in a manner and to an extent sufficient to render the complainant's condition so intolerable as to justify the severance of the marriage bonds, the testimony may not be mere statements of generalities constituting statements of opinions, beliefs and conclusions of the witness, but must be directed toward specific language, acts and conduct. *Coffey* v. *Coffey,* supra; *Settles* v. *Settles,* 210 Ark. 242, 195 S.W. 2d 59; *Preas* v. *Preas,* supra; *Welborn* v. *Welborn,* 189 Ark. 1063, 76 S.W. 2d 98; *Bell* v. *Bell,* 105 Ark. 194, 150 S.W. 1031. If it is not so directed, it is not sufficient. *Burnside* v. *Burnside,* 192 Ark. 1177, 90 S.W. 2d 490; *Walldren* v. *Walldren,* 187 Ark. 1077, 63 S.W. 2d 845; *Arnold* v. *Arnold,* 115 Ark. 32, 170 S.W. 486. Where, however the testimony of a sole corroborating witness discloses that he knew very little of the material issues, and his statements are based on

impressions and hearsay, it will not suffice. *Highsmith* v. *Highsmith,* 219 Ark. 123, 240 S.W. 2d 5.

Corroboration, in the sense of our divorce laws, is testimony of some substantial fact or circumstance independent of the statement of a witness which leads an impartial and reasonable mind to believe that material testimony of that witness is true. Where a particular fact or circumstance is vital to a complainant's case, some evidence thereof, in addition to the complainant's testimony, is necessary to constitute corroboration. *Gabler* v. *Gabler,* 209 Ark. 459, 190 S.W. 2d 975. Certainly, it was vital to appellee's counterclaim to show that a course of conduct pursued by appellant was the cause of her intolerable condition, i.e., her nervousness, and testimony which failed to show either the conduct or its relationship to her condition is not adequate corroboration. See *Shelton* v. *Shelton,* 102 Ark. 54, 143 S.W. 110. While indignities may mean numerous things in various circumstances, it is necessary that, in order to constitute grounds for divorce, they must be constantly and persistently pursued with both the object and effect of rendering the condition of the opposing party intolerable. *Gibson* v. *Gibson,* 234 Ark. 954, 356 S.W. 2d 728.

It has long been recognized that the problem is more difficult and dangerous where there is no actual bodily harm. *Kurtz* v. *Kurtz,* supra. We have reversed a decree of divorce on the ground involved here, where none of the witnesses corroborated a plaintiff's testimony as to any mistreatment of him by his wife, even though one of the witnesses, a physician, testified that the husband was in bad health and that he concluded, from the husband's "physical history," that this condition had been adversely affected by domestic discord. *Parnell* v. *Parnell,* 211 Ark. 1028, 204 S.W. 2d 469. There is no evidence except for appellee's testimony which even tends to show that it was more probable that appellee's nervousness was the result of appellant's conduct rather than other causes. Appellee testified that she had previously been a patient in the State Hospital. While she attributed this hospitalization to appellant's conduct, neither the physician who committed her nor any member of the hospital staff was called to testify. When we consider

that appellee's only corroborating witness testified that she knew nothing of the marital relationship except what appellee told her, that her testimony relating to appellee's nervousness is a statement of the witness' opinion or conclusion, unsupported by any testimony connecting it with any word, act or conduct of appellant, and the fact that the nervousness could have been attributable to other causes, we cannot say that there was corroboration of appellee's testimony.

Appellant's contention that he is entitled to a divorce is not well founded. It is true that no one contends that appellee did not leave him in November, 1970, and remain away for more than one year. His proof also fails for want of corroboration. Appellee filed a general denial of the complaint, which put all material allegations in issue. The burden of showing that he gave her no cause for absenting herself from him lay upon appellant. *Johnson* v. *Johnson,* 107 Ark. 262, 154 S.W. 503. The ground must be established by corroborating evidence. *Rie* v. *Rie,* 34 Ark. 37. Appellant testified that there was no cause. Appellee's testimony is sharply contradictory. She stated that she left because his constant nagging made her nervous. In the absence of corroboration of either of the parties, their testimony is counterpoised. Since she was opposing his claim for divorce, conflicts between her testimony and his must be resolved in her favor. *Johnson* v. *Johnson,* supra; *Rie* v. *Rie,* supra. In order to make a prima facie case for desertion, it was necessary for appellant to show that appellee left him without cause or justification. *McKay* v. *McKay,* 172 Ark. 918, 290 S.W. 951. The most that can be said of the testimony of appellant's sister. his only corroborating witness, is that she did not know of appellant's mistreating appellee, and that she never knew of appellee's talking about his nagging her. Appellee's sister only said that she observed nothing unusual when visiting in the home and that she had no personal knowledge of the cause for appellee leaving appellant. In order for the corroborating evidence to be sufficient, it must tend to show that appellee left appellant without cause. There is no such corroboration here.

Although it seems that chances for a reconciliation are remote here, we cannot subvert the divorce statutes to

grant a divorce to either party without establishment of a prescribed ground. It must be remembered that important property rights hinge upon a determination whether one or the other party is entitled to a divorce.

The decree is affirmed, except for those parts granting her a divorce and awarding her an interest in appellant's real estate. The cause is remanded for such further proceedings as may be appropriate with relation to costs of suit, additional attorney's fees and support payments.