Carl Clay ANDERSON, Jr. *v.* Betty Jean
ANDERSON

CA 80-47        600 S.W. 2d 438

Court of Appeals of Arkansas
Opinion delivered June 11, 1980
Released for publication July 2, 1980

*Jones & Reynolds*, by: *Terry Jones*, for appellant.

*John William Murphy*, for appellee.

MARIAN F. PENIX, Judge. Betty Jean Anderson was granted a divorce from Carl Clay Anderson on the ground of indignities, on October 11, 1979. The common property was divided and she was awarded costs of the action and attorneys fees. Carl Clay Anderson appeals.

Appellant contends the evidence was insufficient for awarding divorce on the ground of indignities in that the appellee's testimony was not corroborated. We reluctantly agree.

The record reveals that the couple was married in June 1977 and separated March 1979. Appellee testified both she and appellant were devout Christians. She further testified her church teaches the wife is subservient to the man of the household as much as possible. According to the appellee, the couple had no television in their household prior to their first separation because the appellant strongly objected. He regarded the television as being evil. When the parties reunited the appellee brought her television, which she had purchased during the separation, and kept it in a closet. At various times when appellant was absent appellee would bring the television from the closet and view it. She testified upon one occasion, appellant became so angered he took a knife and cut and scratched the face of the set. Appellee's father attempted to corroborate this by testifying to the fact he had seen the damaged TV.

Further testimony from appellee revealed the appellant would whip her as a religious ritual. She also testified he regarded beauty parlors as something evil. She testified that on one occasion appellant was angered by her having gone to a beauty shop and he poured a pitcher of water on her freshly coiffed hair.

Appellee testified appellant would whip her with a belt and would whip himself and his bed if he failed to arise promptly. She admitted such whippings were administered as religious rites.

The appellee's allegations are not proven by appellant's failure to deny them. The failure to deny the incidents or conduct does not relieve the appellee of her burden to corroborate her testimony. The rule is well-settled in this state that a decree of divorce will not be granted on the uncorroborated testimony of the plaintiff alone. *Dunn* v. *Dunn*, 219 Ark. 724, 244 S.W. 2d 133 (1951); *Owen* v. *Owen*, 208 Ark. 23, 184 S.W. 2d 808 (1945); *Goodlet* v. *Goodlet*, 206 Ark. 1048, 178 S.W. 2d 666 (1944).

Appellee has sought a divorce based upon indignities. The Ark. Supreme Court, in a discussion of the evidence necessary to establish indignities, said:

> ... Indignities may mean a number of things in various circumstances but in order to constitute the grounds for divorce they must be constantly and persistently pursued with the object and effect of rendering the situation of the opposing party intolerable. *Gibson* v. *Gibson*, 234 Ark. 954, 356 S.W. 2d 728 (1962).

In order to obtain a divorce based upon indignities, the plaintiff must show a habitual, continuous, permanent and plain manifestation of settled hate, alienation, and estrangement on the part of one spouse, sufficient to render the condition of the other intolerable. *Welch* v. *Welch*, 254 Ark. 84, 491 S.W. 2d 598 (1973). Careful attention must be given to the corroborating evidence.

Corroboration has been defined as:

> ... testimony of some substantial fact or circumstance independent of the statement of a witness which leads an impartial and reasonable mind to believe that material testimony of that witness is true. *Welch* v. *Welch*, supra.

See also, *McNew* v. *McNew*, 262 Ark. 567, 559 S.W. 2d 155 (1977). The purpose of requiring corroboration is to prevent parties from obtaining a divorce by collusion. *Powell* v. *Powell*, 243 Ark. 463, 420 S.W. 2d 528 (1967). Where there is no evidence of collusion, the corroboration may be comparatively slight. *LaGasse* v. *LaGasse*, 234 Ark. 734, 354 S.W. 2d 274 (1962). In this instance, there is no corroboration, however slight the requirement.

> ... since it is for the court to say whether the alleged offending spouse is guilty of acts and conduct indicative of settled hate and plain manifestation of alienation and estrangement and whether they have been pursued in a manner and to an extent sufficient to render the complainant's condition so intolerable as to justify the severance of the marriage bonds, the testimony may not be mere statements of generalities constituting statements of opinions, beliefs and conclusions of the witness, but must be directed toward specific language, acts, and conduct. (cites omitted). Where, however, the testimony of a sole corroborating witness discloses that he knew very little of the material issues, and his statements are based on impressions and hearsay, it will not suffice. *Welch* v. *Welch*, supra at 86-87.

The only corroborating witness for the appellee was her father. He testified he had not witnessed any of the alleged incidents. He had seen the damaged TV set but could only state he had been told it was damaged by the appellant. This testimony is insufficient to corroborate the appellant's testimony.

In *McNew* v. *McNew*, supra, Justice Fogleman when confronted with similar problem stated:

> ... We have already indicated that we feel that the requirement of corroboration is still applicable and appropriate. We have so considered it in *Adams* in 1972, in *Welch* in 1973, and in *Dunn* in 1973. There is nothing that calls upon this court to engage in the judicial activism that would be required for our nullifying that requirement. The fact the legislature has not seen fit to

abolish the rule is not sufficient, particularly in view of the fact that there has been legislative amendment of the divorce statutes at least 24 times, one of which was the amendment of the pertinent section, Ark. Stat. Ann. § 34-1207 (Supp. 1975), in 1969, to eliminate the requirement of corroboration on all except one ground for divorce, in contested cases. . . . It is best that changes in the divorce law be left to that branch of government which is the repository of all power of government not vested in the other two branches, and which is most representative of the people, the ultimate sovereign.

The appellee's father attempted to corroborate her testimony in regard to her scratched television set. In reviewing all the record we find there not to be the required corroboration as is necessary to satisfy the laws of this state.

We therefore reverse the order granting divorce and modify the property disposition to show temporary possession rather than ownership.

Reversed in part and modified.