LEDWIDGE *v.* LEDWIDGE

4-6884                                                    166 S. W. 2d 267

Opinion delivered December 7, 1942.

*Leo P. McLaughlin* and *Jay M. Rowland,* for appellant.

*H. H. McKenzie* and *McRae & Tompkins,* for appellee.

McHANEY, J.   Appellant and appellee were married April 3, 1938. They thereafter lived together as husband and wife in Hot Springs, Arkansas, until September 21, 1940, when appellee left appellant, and has continued from that time to live separate and apart from him without cohabitation. On October 27, 1941, appellant brought this action for divorce against her on the ground of willful desertion without reasonable cause for the space of one year as provided by the second subdivision of § 4381 of Pope's Digest. After an order allowing her suit money and counsel fees, she answered, admitting the marriage and separation, alleged that she had reasonable cause to leave appellant, and prayed an allowance for alimony.

Trial resulted in a decree dismissing appellant's complaint for want of equity, and, on the cross-complaint of appellee, he was ordered to pay into the registry of the court $40 per month, $20 on 1st and 15th of each month, beginning May 1, 1942, for her support and maintenance. This appeal is from that decree.

It is undisputed that appellee deserted appellant on September 21, 1940, and has lived separate and apart from him from that time to the present, although he has several times importuned her to return and live with him and, on the date of her departure, he begged her not to leave him and told her she was making a great mistake in doing so. Desertion alone for one year is not a ground for divorce, but such desertion "without reasonable cause" is. Section 4381, Pope's Digest. What constitutes "reasonable cause" becomes a pertinent inquiry. In *Rie* v. *Rie,* 34 Ark. 37, it was held that a "reasonable cause which, within the divorce statutes, will justify one of the married parties in abandoning the other must be such

conduct as could be made the foundation of a judicial proceeding for divorce." This language was quoted in *Craig* v. *Craig*, 90 Ark. 40, 117 S. W. 765, and, following the quotation, the late Judge Frauenthal, speaking for the court, said: "There is no corroborative evidence that shows that plaintiff had such a reasonable cause as above defined, to leave the defendant." In the famous case of *Warfield* v. *Warfield*, 97 Ark. 125, 133 S. W. 606, where the husband deserted the wife, she sued him for divorce on the ground of desertion. He answered admitting the separation, but alleged that he had reasonable cause therefor by reason of the adultery of his wife. The late Judge Wood for the court said: "To justify appellant (the husband) in his desertion of appellee, which he admits, it devolved upon him to prove that appellee had been guilty of adultery. The evidence he adduces for that purpose is entirely insufficient." Therefore, before the court would be justified in denying a decree of divorce on the ground of desertion, the spouse who seeks to justify his or her desertion, on the ground of reasonable cause, must prove a ground of divorce which would justify the court in granting him or her a decree of divorce on a cross-complaint.

Applying this well settled rule to the facts here presented, we are of the opinion that appellee wholly failed to prove reasonable cause for her admitted desertion of appellant, and that had she filed a cross-complaint against him, (which she did not) praying a divorce on the ground set out in the last clause of the fifth subdivision of said § 4381, which provides, "—or shall offer such indignities to the person of the other as shall render his or her condition intolerable," which is the only statutory ground to which her testimony is directed, the court would not have been justified in granting her a divorce on the record here presented.

Appellee testified to a number of unpleasant incidents occurring during their married life, before separation, such as his spilling the shoe polish in the bathroom, his throwing the car keys at her on one occasion, his scolding her for asking for the car, a relaxation of

interest on his part, and a number of other unpleasant occurrences arising in discussions of his family and hers, including his relations with her little girl by a former marriage, and his reference to her as a "damned brat." Assuming without deciding that some or all of these incidents would have constituted a ground of divorce, if they had been alleged, there is absolutely no corroboration of her testimony concerning them, and so they cannot be said to be established. A ground of divorce cannot be established on the uncorroborated testimony of one of the parties. We do not set out her testimony in detail further, as no useful purpose could be served by so doing. There was no corroboration. The only witness who testified for appellee was her mother and she frankly stated that she never heard them have an argument or a cross word either in her home or in theirs.

In *Rose* v. *Rose,* 90 Ark. 16, 117 S. W. 752, it was held, to quote a headnote: "Where the evidence establishes that a wife voluntarily abandoned her husband without just cause, and so remained for the statutory period, it was error to refuse him a divorce." In the body of the opinion in said case, the court used language which we think very appropriate to this case, under similar facts as follows: "We do not think that there is sufficient evidence to sustain a finding that appellant was guilty of misconduct which justified desertion by appellee or which precludes him from obtaining a divorce on account of such desertion. The preponderance of the evidence shows that appellant was not unkind to his wife, and gave her no just cause for leaving him. Though he was probably not wholly free from fault, we can discover nothing in his conduct, judged by the evidence, calculated to render his wife's condition intolerable or to drive her from him."

A number of love letters written to each other by the parties after their separation are set out in the record. In several of them appellee suggested that he should get a divorce from her and that she would not oppose it, nor ask for support. These letters indicate the parties are still in love with each other. Perhaps they can yet get together.

It is our conclusion that the learned trial court erred in refusing to grant appellant a divorce on his complaint and in awarding alimony to appellee. The decree will be reversed and the cause remanded with directions to enter a decree of divorce in his favor, but without alimony to her.