## DAVENPORT v. DAVENPORT.

4-6983

168 S. W. 2d 832

Opinion delivered February 22, 1943.

338

*Hugh U. Williamson* and *C. M. Erwin*, for appellant.

McHaney, J. Appellee brought this action against appellant for divorce on the ground of general indignities, consisting of nagging, quarreling, etc., such as to render his condition in life intolerable. Appellant answered with a general denial of the alleged ground of divorce and filed a cross-complaint, in which she alleged that appellee deserted her on October 3, 1939, without reasonable cause, and that they have not lived or cohabited together as husband and wife since. In addition she alleged that, for a long period of time prior to their separation, appellee had abused, cruelly treated and willfully neglected her until her condition became unbearable and intolerable, but that she endured said treatment until he deserted and abandoned her, for the sake of the children born of their marriage; that she has had the care and custody of three of their five children, two of which are minors, since their separation; that appellee has contributed nothing to the support of said children; and that she and said children, with the help of her daughter, Irene, have been barely able to exist and to keep the minor children in school. She alleged that appellee owns a 240-acre farm, subject to a mortgage, which is worth $6,000, earns $200 per month and is able to pay for the support of said children. She prayed for an absolute divorce, for alimony for the support of herself and children; and that she be granted the custody of the two minor children.

Trial resulted in a dismissal of the complaint and the cross-complaint, as to the divorce sought, for want

of equity. Appellee was ordered to pay into the registry of the court $120 per year, on October 15, of each year, for the support of the minor children, and $35 as a fee for appellant's attorney was ordered paid by October 15, 1942. This appeal is from that decree.

Appellee has not favored us with a brief in his behalf. The court found both parties were at fault and denied a decree of divorce to each. In so holding we think the learned trial court fell into error as to appellant, but correctly so held as to appellee. The cross-complaint alleged two grounds of divorce: 1. willful desertion without reasonable cause for the space of one year as provided by subdivision two of § 4381, Pope's Digest; and 2. cruel and inhuman treatment and general indignities, as provided by subdivision five of said section. We are of the opinion that the preponderance of the evidence established both grounds, but it is sufficient, if either is so established. We think the court correctly denied appellee a divorce, because his proof failed to establish his alleged ground therefor. But as to appellant, the undisputed proof shows that appellee willfully deserted her, in October, 1939, and that they have not lived or cohabited together as husband and wife since that time. Indeed it shows that he not only willfully deserted his wife, but his two, perhaps, at that time three, minor children, and has not contributed anything to their support since that time.

In the recent case of *Ledwidge* v. *Ledwidge,* 204 Ark. 1032, 166 S. W. 2d 267, we held that "reasonable cause," as used in said statute, which would justify one spouse in abandoning the other "must be such conduct as could be made the foundation of a judicial proceeding for divorce." Quoted from *Rie* v. *Rie,* 34 Ark. 37. See, also, *Craig* v. *Craig,* 90 Ark. 40, 117 S. W. 765, and *Warfield* v. *Warfield,* 97 Ark. 125, 133 S. W. 606. After citing and quoting from these cases in the Ledwidge case, we said: "Therefore, before the court would be justified in denying a decree of divorce on the ground of desertion, the spouse who seeks to justify his or her desertion, on the ground of reasonable cause, must prove a ground of

divorce which would justify the court in granting him or her a decree of divorce on a cross-complaint.''

As above stated, we agree with the trial court that appellee failed to establish a ground of divorce. Therefore, he failed to justify his desertion and appellant is entitled to a divorce on this ground. In this view of the matter, it becomes unnecessary to discuss the second ground alleged in appellant's cross-complaint which was, we think, fully established by the preponderance of the evidence.

We are also of the opinion that the trial court's order for support of the minor children was not in keeping with appellee's ability to pay, nor with their necessary requirements for food and clothing, to say nothing of books and other school supplies to enable them to attend school. We think the very minimum amount would be not less than $30 per month for the two of them, to be paid monthly or semi-monthly, but not annually, as fixed by the court, and that appellant should be awarded their custody.

The decree will be reversed and the cause remanded with directions to grant appellant an absolute divorce on her cross-complaint; that she be awarded the custody of the minor children; that appellee be required to deposit in the registry of the court such a sum of money monthly or semi-monthly as the court may determine to be reasonably necessary, for the support of said minor children, not less than $30 per month; that appellant be awarded one-third of all appellee's personal property, if any, and one-third for life of all his real property, in accordance with the provisions of § 4393 of Pope's Digest; and that in determining these matters, that is, the amount of such monthly payments and division of property, the court shall hear further evidence if the parties are so advised.