FINE *v.* FINE.

4-7823                                    192 S. W. 2d 212

Opinion delivered February 11, 1946.

*Wesley Howard,* for appellant.

*Abe Collins,* for appellee.

HOLT, J. Appellant, Nettie Fine, and appellee, A. R. Fine, were married October 26, 1940. Appellant had three children by a former marriage and appellee two by a former marriage, a girl, 10 years of age, and a boy, 8. This was appellee's third marital venture.

October 31, 1944, appellant instituted suit against appellee for a divorce on the ground of indignities such as to render her condition in life intolerable (5th subdivision of § 4381 of Pope's Digest). She prayed for divorce, alimony, costs, attorney's fees and restoration of her former married name, Nettie Bailey. Appellee's answer was a general denial and by way of cross-complaint alleged that "at the time of their marriage plaintiff (appellant) owned a home in DeQueen, Arkansas, with one rent house and soon thereafter plaintiff and defendant (appellee) agreed that by their joint efforts they would build additional rent houses on said property so as to provide an income for them in old age. Pursuant to this agreement materials were bought and charged to the plaintiff sufficient to build two rent houses and the bills were paid through the joint earnings of plaintiff and

defendant and from the rents collected on said houses,'' and sought recovery for cost of improvements which he had placed upon appellant's property. Appellant responded to appellee's cross-complaint with a general denial.

Upon a hearing a decree was entered denying to appellant all the relief for which she prayed and granted the prayer of appellee on his cross-complaint in the amount of $300 for expenditures made by him in improvements on appellant's property, and declared a lien in his favor for said amount. This appeal followed.

Appellee has cross-appealed from that part of the decree awarding him $300 for money expended by him on improving appellant's property.

Appellant's first contention is that the court erred in denying her a divorce. While we try the cause *de novo* here, under our well established rule, unless we can say that the finding of the trial court that appellant was not entitled to a divorce on the ground of indignities was against the preponderance of the testimony, we must affirm.

The testimony on this issue appears to be in irreconcilable conflict. It could serve no useful purpose to detail this testimony here. It suffices to say that, after reading the evidence, we think that appellant's testimony is not supported by corroborative evidence which is necessary in order to obtain a divorce.

In the recent case of *Calhoon* v. *Calhoon, ante,* p. 80, 189 S. W. 2d 644, we said: ''Assuming, without deciding, that appellee's own testimony sufficiently established grounds for divorce, there was no corroboration thereof; and, under the long established rule in this state, the party seeking a divorce must establish grounds therefor by evidence other than his own. *Rie* v. *Rie,* 34 Ark. 37; *Kurtz* v. *Kurtz,* 38 Ark. 119; *Scarborough* v. *Scarborough,* 54 Ark. 20, 14 S. W. 1098; *Kientz* v. *Kientz,* 104 Ark. 381, 149 S. W. 86; *Arnold* v. *Arnold,* 115 Ark. 32,

170 S. W. 486; *Welborn* v. *Welborn*, 189 Ark. 1063, 76 S. W. 2d 98.''

Here the effect of testimony introduced by appellant other than her own is that appellant was alone a few times when she was ill after appellee went to Texas in search of work, with appellant's consent. There was also testimony that appellant had difficulty in controlling appellee's two children and that they did not show her the proper respect. This and other similar evidence offered by appellant, we think, falls far short of corroborating her own testimony.

Appellant next questions the court's refusal to award her alimony, attorney's fees and court costs. Here the wife instituted suit for divorce against the husband and was denied the relief sought. The husband did not ask for a divorce. At the time the suit was filed, and when tried, appellant owned her home and some small rent houses in DeQueen with a gross income of from $75 to $100 a month.

It was within the sound discretion of the trial court to deny appellant alimony, attorney's fees and court costs. This appellant frankly concedes, but insists that there has been an abuse of discretion here. It appears that the wife, appellant, had a home and income-producing property of her own whereas appellee possessed no real property, but a small amount of cash, and due to a serious injury following his marriage to appellant and while employed in Texas was totally and permanently disabled. In the circumstances here, we think no abuse of discretion has been shown. See *Slocum* v. *Slocum*, 86 Ark. 469, 111 S. W. 806.

Finally appellant insists that the court erred in decreeing $300 to appellee for improvements made by him on her property and we think this contention must be sustained. Appellee alleged in his cross-complaint that he and appellant, after their marriage, entered into a partnership agreement whereby they would construct some rent houses on appellant's property in order to

have an income to live on in their old age, and testified to this effect. Appellant denied any such agreement. She testified that appellee told her that whatever he spent on her property was for her benefit and a gift to her because she had done so much for his children.

The record reflects that at the time these parties were married, appellee was working on a W.P.A. project in DeQueen. He, together with his two children, moved into his wife's home. He made small contributions to their support, but the major portion came from the wife, appellant, who owned and operated a small grocery store. Some months later, appellee's W.P.A. job terminated and he went to Texas and secured employment at approximately $119 a week on some government project, but after working about a week, received serious and permanent injuries which have incapacitated him since. As a result of these injuries, he recovered compensation for a total of $5,950, which included $1,130 from accident insurance. Appellee paid his brother $1,000 out of this money in satisfaction of a debt which he owed him, paid out substantial amounts for necessary medical treatments for himself, and for the support of his wife and children. He deposited $1,130 in his wife's (appellant's) bank account, the greater portion of which was used in improvements on his wife's property. As indicated, the court found that the expenditures he made on his wife's property, for which he should recover, amounted to $300.

In a long line of decisions in this state, the rule appears to be well settled that where a husband advances money to improve his wife's property, there is a rebuttable presumption that such advances are intended to be gifts and the law does not imply a promise on the part of the wife to repay such advances. In *Ward* v. *Ward*, 36 Ark. 586, this court held (headnote 2): "If a husband purchases property and has it conveyed to his wife, or expend money in improving her property, the advances will be presumed to be gifts. The law will not imply a promise on her part to repay them." ·

The rule is also equally well settled that "the proof necessary to overcome the presumption of gift to the wife where the husband purchased land and caused the deed to be executed to her must be clear and convincing." *Parks* v. *Parks*, 207 Ark. 720, 182 S. W. 2d 470, (headnote 2), and in the body of the opinion, we said: "Moreover, his subsequent improvements, payment of taxes and insurance are all 'referable to his natural desire to manage and care for his wife's property.'"

Most, if not all, of the controlling testimony as to the alleged agreement claimed by appellee between him and his wife was the testimony of the parties themselves and which is in conflict. After a careful review of all the testimony, we think it falls short of that full, "clear and convincing" effect which the law requires in order to establish the alleged agreement and trust relationship sought to be established by appellee here. See *Quattlebaum* v. *Hendrick*, 179 Ark. 494, 16 S. W. 2d 591.

Accordingly, that part of the decree denying appellant a divorce, alimony and attorney's fees is affirmed. That part of the decree awarding to appellee $300 for expenditures in improving appellant's property is reversed and the cause remanded with directions to enter a decree consistent with this opinion. All costs to be shared equally by the parties.