SMITH *v.* SMITH.

5-1070                                          295 S. W. 2d 790

Opinion delivered December 3, 1956.

*O. W. Pete Wiggins,* for appellant.

*Quinn Glover* and *Wayne Foster,* for appellee.

GEORGE ROSE SMITH, J. In this case the appellant, by her complaint, and the appellee, by his cross-complaint, sought a divorce. The chancellor entered a decree which dissolved the marriage without specifying which party was at fault. It was further found that Smith had expended more than $3,000 in his wife's business, that this advance was not a gift, and that after offsetting all deductions he was entitled to judgment for $1,800. The plaintiff does not ask for alimony, but she appeals from that part of the decree relating to the property.

The parties were married on November 27, 1954, which was eighteen days after they first met. Smith was then living in Memphis and had engaged in a number of occupations at one time or another. Mrs. Smith was an established businesswoman, owning and operating a retail lumber company in North Little Rock, where the couple made their home during their brief married life. Smith had had a week or two of experience in an ornamental iron shop in Memphis, and he suggested that such a shop be built upon the land which Mrs. Smith owned in connection with her lumber company. The appellant agreed to the proposal upon the understanding that her husband would be able to finance the construction.

The weight of the evidence indicates that Smith contributed a total of $3,000 to the building and equipment of the iron shop, which ultimately cost more than $6,000. Purchases of materials and equipment in excess of Smith's contribution were made on Mrs. Smith's credit, and she was still heavily indebted for such items at the time of the trial. The shop was completed in December, 1954, and had been in operation for only a month or six weeks when the parties separated about the middle of February, 1955. Smith returned to Memphis and was living there when the case was tried.

If the question were that of stating an account of the parties' various receipts and disbursements, it might be hard to say whether Smith profited or lost by his marriage to the appellant. He undoubtedly advanced $3,000 toward the construction of the iron shop. He may have

invested an additional $700 in the venture, and he gave his wife a diamond ring worth from $200 to $650. On the other hand, Smith received his board and room during the time the couple lived together, and his father also lived in the home for about six weeks. Smith did at most two or three days of work during the period of the marriage; his father declined the appellant's offer of employment. Smith received as a gift from his wife a diamond stickpin which her uncontradicted testimony indicates to be worth about $2,000. He also sent to Memphis about $300 worth of material from the lumber company, and he may have used a $1,000 bank loan, which Mrs. Smith eventually repaid, for the payment of debts that he owed at the time of the marriage.

The issue, however, is not that of reimbursing Smith for any pecuniary loss he may have suffered; for a husband is under the legal duty of supporting his wife. His advancements for the improvement of her property are presumed to be gifts, and that presumption can be overcome only by clear and convincing evidence. *Fine v. Fine,* 209 Ark. 754, 192 S. W. 2d 212; *James v. James,* 215 Ark. 509, 221 S. W. 2d 766. Here the proof falls decidedly short of rebutting the presumption. The appellee does not suggest in his testimony that his contribution was intended to be a loan or to create a partnership in the iron shop; it was just "a husband and wife proposition." This meager testimony is insufficient to overcome the powerful presumption that the transaction constituted a gift.

With respect to the property settlement the decree is reversed and the appellee's cross-complaint dismissed.