Edna A. DAVIS *v.* C. E. DAVIS

CA 80-140                                         603 S.W. 2d 900

Court of Appeals of Arkansas
Opinion delivered September 10, 1980

*W. M. Herndon*, for appellant.

*Paul David Fray*, for appellee.

MARIAN F. PENIX, Judge. C. E. Davis sued Edna Davis for a divorce on April 23, 1979 on the ground of wilful desertion. Edna Davis answered, denying the desertion, seeking the dismissal of C. E.'s complaint and counter-claimed for a divorce on the ground of three years separation. C. E. Davis was awarded a divorce. There was some division of the property. Edna Davis appeals.

I

Edna Davis alleges error in the Court's granting C. E. Davis a divorce on the ground of desertion.

Ark. Stat. Ann. § 34-1202 authorizes the Chancery Court to grant a divorce to a party whose spouse "wilfully deserts and absents himself or herself from the other for a space of one (1) year without reasonable cause." In *Davenport* v. *Davenport*, 205 Ark. 337, 168 S.W. 2d 832 (1943), the Supreme Court held "reasonable cause" as used in the statute § 34-1202, which would justify one spouse in abandoning the other, means such conduct as could be made the foundation of a judicial proceeding for divorce. In *Ledwidge* v. *Ledwidge*, 204 Ark. 1032, 166 S.W. 2d 267 (1942), the Court stated:

> Therefore, before the Court would be justified in denying a decree of divorce on the ground of desertion, the spouse who seeks to justify his or her desertion, on the ground of reasonable cause, must prove a ground of divorce which would justify the court in granting him or her a decree of divorce on a cross-complaint.

In order to affirm the granting of a divorce on the ground of wilful desertion, the court must find proof of not only absence of one year but also that this absence was made without reasonable cause.

This is a contested divorce. Therefore, corroboration is required to prove the ground for divorce. Ark. Stat. Ann. § 34-1207. Corroboration must be testimony of a substantial fact or circumstance which leads an impartial and reasonable mind to believe that material testimony as to a vital fact or

circumstance is true. *Welch* v. *Welch*, 254 Ark. 84, 491 S.W. 2d 598 (1973). Corroboration of the complaining spouse's testimony in a divorce case may be comparatively or relatively slight when it is clear that there is no collusion between the parties. *McNew* v. *McNew*, 262 Ark. 567, 559 S.W. 2d 155 (1977). Not every element must be corroborated. *McNew*, supra; *Morgan* v. *Morgan*, 202 Ark. 76, 148 S.W. 2d 1078 (1941). To obtain a divorce on the ground of wilful desertion, however, there must be some corroboration of the lack of reasonable cause for the absence of the defendant spouse. *Welch*, supra at 88. There is no corroboration as to anything but the time of separation. It was error for the Chancellor to grant a divorce based upon wilful desertion.

On appeal, this court hears Chancery cases de novo. *Neal* v. *Neal*, 258 Ark. 338, 524 S.W. 2d 460 (1975); *Wiles* v. *Wiles*, 246 Ark. 289, 437 S.W. 2d 792 (1969); *Sowards* v. *Sowards*, 243 Ark. 821, 422 S.W. 2d 693 (1968). This is true even if the Chancellor improperly applied the law. *O'Neal* v. *Ellison*, 266 Ark. 702, 587 S.W. 2d 580 (1979). An appeal in a chancery case opens the whole case for review, and all the issues raised in the court below are before the appellate court for decision and if the Chancellor is correct for any reason the decision will be affirmed. *Ferguson* v. *Green*, 266 Ark. 556, 587 S.W. 2d 18 (1979); *Apple* v. *Cooper*, 263 Ark. 467, 565 S.W. 2d 436 (1978).

In the present case, C. E. Davis alleged wilful desertion. This he failed to prove. He did, however, prove three years separation. His witness corroborated the length of time the parties had been separated. No objection was made to this testimony. Therefore, on appeal, the appellate court may regard the pleadings as amended to conform to the proof. Ark. Rules of Civil Procedure 15(b); *Faires* v. *Dupree*, 210 Ark. 797, 197 S.W. 2d 735 (1947). We find the complaint to be amended to conform to the proof and award C. E. Davis a divorce based upon three years separation.

## II

Edna alleges the Court erred in its division of the property as required by Act 705, Ark. Acts of 1979 [Ark. Stat.

Ann. (1947) § 34-1214 (Repl. 1962)]. The Court divided the property as follows:

1. Edna to receive antique chair, two beds, sewing machine, victrola, sofa, china, dressing table, recliner rocker and lawn furniture.

2. Edna to have no claim to the property located in the City of Jacksonville which is owned by C. E. Davis and his father.

3. Parties homestead property on Mundo Road to be held by parties as tenants in common and such property to be in possession of C. E. Davis until he dies or remarries.

4. The sum amount in the Capital Savings and Loan Account No. 40575-8 plus any accrued interest to be divided equally between the parties.

Act 705 reads:

§ 34-1214. Division of Property — (A) At the time a divorce decree is entered:
(1) All marital property shall be distributed one-half to each party unless the court finds such a division to be inequitable, in which event the court shall make some other division that the court deems equitable taking into consideration (1) the length of the marriage; (2) age, health, and station in life of the parties; (3) occupation of the parties; (4) amount and sources of income; (5) vocational skills; (6) employability; (7) estate, liabilities and needs of each party and opportunity of each for further acquisition, preservation or appreciation of marital property, including services as homemaker. When property is divided pursuant to the foregoing considerations the court must state in writing its basis and reasons for not dividing the marital property equally between the parties.

Since the various marital assets were not divided equally as provided by Section 34-1214, the chancellor was required

by that statute to state in writing the basis and reasons for not so dividing the marital property. This was not done. We will not attempt to review the appellant's contention the court erred in the division of the marital property until the trial court has complied with the requirement of Section 34-1214 by stating the basis and reasons for not dividing the property equally.

We affirm the decree of divorce, but reverse and remand the case for the trial court to make equal division of the marital property between the parties or if such property is not divided equally to state the basis and reasons for not so dividing the property.

The Court failed to mention or provide for disposition of the burial lots and on remand the Court should provide for disposition of same.

Affirmed in part, reversed and remanded in part.