Anna Carol WILLIFORD *v.* Charles Britt WILLIFORD

83-145                                                655 S.W.2d 398

Supreme Court of Arkansas
Opinion delivered July 5, 1983

72

*Bill R. Holloway* of *Holloway & Bridewell,* for appellant.

*Bramblett & Pratt,* by: *Eugene D. Bramblett,* for appellee and cross-appellant.

STEELE HAYS, Justice. This appeal comes to us from the Court of Appeals pursuant to Rule 29 (1) (c), as involving an interpretation of "marital property" under Ark. Stat. Ann. § 34-1214 (Repl. 1962).

These parties married on January 20, 1979 and Anna Williford moved into Britt Williford's Camden home, combining her household goods with his. Mr. Williford's homeowner's policy was amended to include Anna Williford as a named insured.

In April, 1979, a tornado partially destroyed the dwelling and furnishings. From the insurance proceeds,

Britt Williford satisfied a mortgage on the property amounting to $29,534.00, and another $14,267.00 was paid to the Willifords jointly for the damaged furnishings. The record does not tell us what part of the contents coverage was allocated to their separate furnishings, but the indications are that the parties treated the $14,267.00 as joint funds. Additional amounts were paid separately for other losses or expenses covered under the policy.

Soon after the insurance settlement was made, the parties decided to rebuild on Mr. Williford's lot, using salvageable materials, which included foundation, plumbing, studs, rafters and air conditioning and heating units. As a down payment to the contractor, the Willifords used $14,000.00 from the insurance settlement and borrowed $26,000.00 from Security Savings and Loan Association. Title to the real property remained solely in Mr. Williford's name.

In January, 1982 Anna Williford filed suit for divorce. At trial there was testimony, essentially undisputed, that the current value of the real property was $57,359.00 and that the value of Mr. Williford's lot was $12,000.00 and the usable items, $11,050.00, or $23,050.00 for the lot and the salvage. The Chancellor awarded Mrs. Williford a divorce, a new car costing $8,268.00, and various articles of personal property. The Chancellor fixed her interest in the real property at $2,680.00, which he reached by deducting $12,000.00 (for the separate property of Britt Williford) from the appraised value of the property, arriving at $45,000.00. From that figure, he reasoned that the "marital basis" in the property was $40,000.00 ($14,000.00 from insurance and $26,000.00 from the loan), which he subtracted from the $45,000.00 to arrive at a "marital profit" of $5,359.00. The "marital profit" was then divided equally to give each party $2,680.00.

Anna Williford has appealed, contending that her interest should be half of $19,359.99, or $9,679.50, determined as follows:

| | | |
|---|---|---|
| Appraised value of dwelling | | $57,359.00 |
| Less the value of the lot | | -12,000.00 |
| "Marital Basis" | | $45,359.00 |
| Less the loan from Security Savings | | -26,000.00 |
| Net marital property | | $19,359.00 |
| One-half to Mrs. Williford | $ 9,679.50 | |
| One-half to Mr. Williford | 9,679.50 | |
| | $19,359.00 | $19,359.00 |

Mr. Williford has cross-appealed, claiming that Mrs. Williford has no interest in the property. He argues that the value of his lot and salvage totaled $23,050.00 ($12,000.00 for the lot and $11,050.00 for salvage), leaving a net of $34,309.00 from the appraised value of $57,359.00. This net of $34,309.00 he subtracts from the "marital basis" figure of $40,000.00, to arrive at a "marital *loss*" of $5,691.00.

None of these formulas proves satisfactory, although we agree with the Chancellor on two basic points: one, the lot belonged to Mr. Williford prior to the marriage and remained his separate property throughout the marriage, thus it was not "marital property" as defined in § 34-1214; and two, that the rebuilt dwelling did constitute marital property to the extent that joint funds were used to acquire the property, less the unpaid amount of the loan, which is not disputed. Thus, a part of the rebuilt dwelling comes within the meaning of "marital property", irrespective of the legal title.

Our marital property statute, Ark. Stat. Ann. § 34-1214, provides that all marital property will be distributed equally between divorcing parties, unless the court finds such division to be inequitable. Here, there is no suggestion that the Chancellor intended to divide marital property disproportionately. If he had, it would have been necessary under our statute that he explain his reasons. The statute also provides that "all other property" shall be returned to the party who owned it prior to the marriage, unless some other division shall be ordered. The Chancellor attempted to follow the spirit of § 34-1214 in awarding Mrs. Williford a marital interest in the rebuilt residence, even though legal title to the property belonged to Mr. Williford, and we agree

with that approach. Our only disagreement with the Chancellor is that we think his method of determining the value of her interest did not go far enough.

In arriving at the value of that interest, it must be recognized that the $14,000.00 down payment belonged to both Mr. and Mrs. Williford. It not only was treated by them as joint funds, but it was derived from insurance proceeds belonging to both of them. Mrs. Williford may not have paid the premium, but it is plain that when her name was added to the policy it was meant to protect her from any covered losses affecting her household goods. What part of the $14,000.00 may have been attributable to the damage to her things, or to his, is not revealed. However, the check in settlement was paid to them jointly and the funds were deposited to a joint checking account. It is evident that the $14,000.00 was regarded by them as joint funds, as indeed they were.

Thus, while we think that Mr. Williford was entitled under our statute to retain that part of the property that he brought into the marriage, we also think the Chancellor was correct in finding that Anna Williford had a marital interest in the property under our marital property statute. However, while he gave her credit for one-half of what he found to be "marital profit", or appreciated value, he failed to give her credit for that part of the purchase price which she contributed through the use of the joint down payment.

We think, too, that Mr. Williford is entitled to the full value of the usable items salvaged from the tornado, which the testimony clearly establishes. An appraisal expert fixed the value of the lot and the other improvements used in the rebuilding at $23,050.00. When that value is taken from the value of the finished dwelling, $57,359.00, it leaves $34,-309.00. Subtracting the loan of $26,000.00, which Mrs. Williford does not not dispute, leaves a balance of $8,309.00, thus:

| | |
|---|---|
| Appraised value | $57,359.00 |
| Less Mr. Williford's property | -23,050.00 |
| Net | $34,309.00 |

| | | |
|---|---|---|
| Less loan from Security Savings | | -26,000.00 |
| Marital property | | $ 8,309.00 |
| | | |
| One-half to Mrs. Williford | $4,154.50 | |
| One-half to Mr. Williford | 4,154.50 | |
| | $8,309.00 | $8,309.00 |

It should be noted that the Chancellor is given broad powers under § 34-1214 to distribute all property in divorce, non-marital as well as marital, to achieve an equitable division. The only requirement is that if he divides marital property other than evenly, or non-marital property other than by returning it to the original owner, he will consider the nine factors specified in the statute, and fully explain his reasons for the record. Here, there were several factors which doubtless influenced the Chancellor's distribution, i.e. the relatively short duration of the marriage, other properties distributed, and the respective needs and earnings of the parties, and we are not asked to review the Chancellor's overall distribution, only that involving the dwelling.

Mrs. Williford also urges that it was error for the Chancellor to find that each party should bear his or her own costs and attorney's fees. We have repeatedly said that attorneys' fees in divorce and support cases are not awarded as a matter of right, but rest within the Chancellor's discretion and will not be disturbed unless that discretion is abused. *Bowers* v. *Bowers,* 257 Ark. 125, 514 S.W.2d 387 (1974); *Ryan* v. *Baxter,* 253 Ark. 821, 489 S.W.2d 241 (1973); *Wiles* v. *Wiles,* 246 Ark. 289, 437 S.W.2d 792 (1969). We cannot say the Chancellor's discretion was misused when the case as a whole is examined. On appeal Mrs. Williford's attorneys are allowed a fee of $500.00.

The decree is affirmed as modified.