Billy J. JONES *v.* Clara JONES

CA 85-162                                      705 S.W.2d 447

Court of Appeals of Arkansas
Division II
Opinion delivered March 12, 1986

*Peel & Eddy*, for appellant.

*Dennis Sutterfield*, for appellee.

LAWSON CLONINGER, Judge. Appellee, Clara Jones, was granted a decree of divorce from appellant, Billy J. Jones, on December 13, 1984, by the Pope County Chancery Court. At the conclusion of the trial, the chancellor ordered the parties' real property sold and the proceeds divided equally. He found an individual retirement account and pension plan in appellee's name to be marital property, but awarded appellee the entire interest in them, stating as his reasons the eight factors specified in Ark. Stat. Ann. Section 34-1214(A)(1) (Supp. 1983), emphasizing that it was appellee who contributed to their acquisition and cited appellant's ability to support himself.

The chancellor further found that a certain piece of real property in Dover, Arkansas, owned by appellee's sister and brother-in-law, the Myers, was not being held in trust for appellee and dismissed appellant's third-party complaint against the Myers. He further stated that, if the "Dover property" was found to be held in trust for appellee, it would be inequitable to give appellant any interest therein.

Appellant argues two points for reversal: (1) The finding of the trial court that the "Dover property" was not held in trust for appellee is against the preponderance of the evidence; and (2) the trial court failed to comply with Ark. Stat. Ann. Section 34-1214(A)(1) (Supp. 1983) in awarding appellee the entire interest in her individual retirement account and pension plan which the trial court found to be marital property. We do not find appellant's arguments persuasive, and we affirm.

For his first point, appellant contends there was insufficient evidence for the trial court to find that the "Dover property" belonged to the Myers. Because appellee advanced the Myers part of the purchase money for the property and there was no written proof that the advance was a loan, appellant contends that the trial court should have found a resulting trust in favor of appellee. We do not agree.

A resulting trust must be proven by clear and convincing evidence. *Crain* v. *Keenan*, 218 Ark. 375, 236 S.W.2d 731 (1951); *Festinger* v. *Kantor*, 272 Ark. 411, 616 S.W.2d 455

(1981). Appellee and her sister testified there was no agreement that appellee was to own the "Dover property." Appellee loaned the Myers money, from which Myers paid the down payment, closing costs, and insurance payment on the property; however, the loan was repaid in full prior to trial. All documents of title relating to the property were in the Myers' names. In *Byers* v. *Danley*, 27 Ark. 77 (1871), the court held a resulting trust will not attach in the person paying the purchase money, unless the parties intended that the estate should vest in him. We cannot say on the basis of the evidence before us that the trial court's findings were clearly against the preponderance of the evidence or that they were clearly erroneous.

Although we review chancery cases *de novo*, we will not reverse the chancellor unless his findings are clearly erroneous or clearly against the preponderance of the evidence, giving due regard to the opportunity of the chancellor to judge the credibility of the witnesses. ARCP Rule 52(a); *Lyons* v. *Lyons*, 13 Ark. App. 63, 679 S.W.2d 811 (1984).

For his second point, appellant contends that the chancellor abused his discretion in awarding appellee the entire interest in her individual retirement account and pension plan because the court failed to comply with the requirements of Ark. Stat. Ann. Section 34-1214(A)(1) (Supp. 1983) in making an unequal division of marital property. We do not agree with this contention.

Ark. Stat. Ann. Section 34-1214(A)(1) controls the division of marital property. It states as follows:

Ark. Stat. Ann. Section 34-1214(A)(1) (Supp. 1983). (1) All marital property shall be distributed one-half [½] to each party unless the court finds such a division to be inequitable, in which event the court shall make some other division that the court deems equitable taking into consideration (1) the length of the marriage; (2) age, health and station in life of the parties; (3) occupation of the parties; (4) amount and sources of income; (5) vocational skills; (6) employability; (7) estate, liabilities and needs of each party and opportunity of each for further acquisition of capital assets and income; (8) contribution of each party in acquisition, preservation or appreciation of marital property, including services as a homemaker; and

(9) the federal income tax consequences of the Court's division of property. When property is divided pursuant to the foregoing considerations the court must state its basis and reasons for not dividing the marital property equally between the parties and such basis and reasons should be recited in the order entered in said matter.

At the conclusion of the trial, the chancellor found appellee's pension plan and individual retirement account were marital property but stated it would be inequitable to give appellant any part of them. He stated he was relying on the reasons cited in Section 34-1214(A)(1) for not equally dividing the property, and the main reasons were that it was appellee who contributed to their acquisition and appellant was able to support himself. He then read into the record the nine factors listed under Section 34-1214(A)(1). In the decree, however, no reasons were specified for an unequal division except that the decree stated the grounds for this action are those stated orally by the court at the conclusion of the trial. We believe the chancellor sufficiently complied with Section 34-1214(A)(1) in stating his reasons for not equally dividing the pension plan and individual retirement account at the conclusion of the trial.

Appellant contends the chancellor's mechanical recitation of his reasons does not comply with the statute. For this proposition, appellant cites *Davis* v. *Davis*, 270 Ark. 180, 603 S.W.2d 900 (1980), and *Glover* v. *Glover*, 4 Ark. App. 27, 627 S.W.2d 30 (1982), which held when marital assets are not divided equally the chancellor is required by statute to state in writing the reasons for not so dividing the marital property.

*Davis* and *Glover*, however, are distinguishable from the present case, because they were decided prior to the 1983 amendment to Section 34-1214. Prior to the 1983 amendment, Section 34-1214(A)(1) read, "When property is divided pursuant to the foregoing considerations the court *must state in writing* its basis and reasons for not dividing the marital property equally between the parties." (Emphasis ours.) In 1983, Section 34-1214 was amended, and the requirement that the chancellor must state his basis for making an unequal division of marital property in writing was deleted. Moreover, in *Davis* and *Glover*, the courts failed to state any reason for not dividing the property equally. In

the case at bar, the chancellor stated his reasons for making an unequal division at the conclusion of the trial.

■ Appellant further argues that even if this court finds the chancellor complied with Section 34-1214(A)(1), there is no evidence in the record to support an unequal division. Appellee testified she contributed 70% of the family's support since 1972 and testified to the amount of her yearly income and that of appellant. She also stated that all the funds contributed to her pension plan were paid solely by her employer. Appellant testified that his employment had been pretty steady since 1972 and did not introduce anything into the record to indicate he was unable to support himself. From this testimony, we cannot say that the chancellor was in error in making an unequal division.

Affirmed.

GLAZE and MAYFIELD, JJ., agree.