Chris CAMP *v.* Teresa Baker CAMP

CA 85-443 710 S.W.2d 842

Court of Appeals of Arkansas
Division II
Opinion delivered June 11, 1986

*James H. Phillips*, for appellant.

*Helen Rice Grinder*, for appellee.

JAMES R. COOPER, Judge. This appeal in a divorce case comes from a decision of the Faulkner County Chancery Court in which the appellant, Chris Camp, was denied any claim to the value of improvements made during the marriage to real property acquired by the appellee, Teresa Baker Camp, prior to the marriage. The chancellor denied the appellant's claim to one-half the value of the improvements, but did not specify whether he found the improvements to be marital or separate property. On appeal, the appellant argues that the chancellor erred in denying him an interest in the improvements to the appellee's home and in his finding that the appellant had a duty to protect his interest in the property.

After living together for approximately one year, the parties were married on September 21, 1979, and separated on May 5, 1984. The parties resided at a house which had been the appellee's separate property since her divorce in 1976 from her previous husband. When the appellant moved in with the appellee, he did not pay her anything in lieu of rent, although she continued to make the mortgage payments on the property each month out of her wages. (By the appellant's admission, he saved approximately $18,000 in rent during the period of time in which they lived

together.) He did, however, contribute $100.00 per week toward groceries, utilities, and gasoline for their cars. The appellee contributed $350.00 per month for the same expenses. This arrangement continued throughout their marriage (although the parties disagree as to whether the appellant contributed his share while he was unemployed between October, 1983, and March, 1984). In 1982, the parties opened a joint account out of which these joint expenses were paid, but they also continued to maintain separate accounts. The parties agreed that they had always kept their personal expenses, other than the above-listed expenses, and income separate.

The evidence is clear and undisputed that the parties worked together throughout their marriage to improve the appellee's house and yard. Around 1980, the parties installed carpet in the house with the proceeds of their joint income tax refund ($1,000.00). They also laid a rock garden in the yard that year. During the marriage, the parties labored together in planting rose bushes and flowers and in laying cross ties to prevent the soil from washing out. They also laid additional concrete along the driveway, which the appellee claimed that she purchased. A new door and water heater were also installed in the appellee's house during the course of the marriage.

In 1981, the parties personally built a 20' x 16' building, with an extra covered space, for extra storage and for space within which the appellant could work on his vehicles. This building was constructed primarily from salvaged materials given to the parties by the appellant's father. New materials were used on the roof and were paid for by the parties' joint income tax refund check in the amount of $1,200.00. The appellant testified that he paid for the gasoline used in retrieving the salvaged material and that his son wired the building for electricity. The parties worked approximately sixteen to twenty-four full days on the construction of the building.

At the hearing, the chancellor made the following remarks regarding the improvements to the property:

> Okay, when I initially looked at this, I thought this was two parties that were fighting tooth and nail. I've come to the conclusion, listening to the testimony of both parties,

that they're good people. They have worked together for a period of years. They have never questioned each other. They've never questioned any of the things that the other party has done. That they have worked freely and openly with each other and, at the same time, each of the parties has maintained their separate property. Mr. Camp has his own business. Mrs. Camp is making no claim on it. Mr. Camp has is [sic] personal property, guns, dogs, and things of that nature, and there's no claim on it. During the period of time that they were married, Mr. Camp lived in the residence of the property owned by Mrs. Camp and, from the evidence, or the preponderance of the evidence, was not required to pay anything but a part of the household expenses through the budget account. The parties worked together on the property. Mr. Camp has testified that he loves roses and enjoys them, and so does Mrs. Camp. The testimony was that the building that was put on the property was used primarily by Mr. Camp for working on his son's car and his reloading equipment. Mr. Camp did nothing to protect his interest in the building, knowing full well that Mrs. Camp owned the property prior to the marriage. Therefore, I'm going to deny Mr. Camp's claim to that real estate.

The final order, entered on May 7, 1985, contained the following pertinent language:

5. That the Defendant is denied any claim to the Plaintiff's real estate owned previously to the marriage and also denied or [sic] claim to any improvements thereon, inasmuch as the claim made by the Defendant to the preservation and appreciation of the real estate in question was not made out of marital funds to marital property, but to property owned by Plaintiff before the marriage. Furthermore, Defendant made no contribution toward acquisition of the real estate previous to or during the marriage as per Ark. Stat. Ann. 34-1214 (A) (1) (8), Defendant was gainfully employed throughout the marriage, did not contribute to household expenses such as Mortgage Payments but did minor labor such as building and working flower beds, and improving the driveway. The Defendant knew or should have known throughout the marriage that

he held no interest in the real estate but took no steps to bring himself under the protection of the law of marital property in Arkansas as it is now applied in this State.

The appellant argues the court erred in denying him an interest in the improvements to the appellee's property. In support of his argument, the appellant has cited the Arkansas Supreme Court's decision in *Williford* v. *Williford*, 280 Ark. 71, 655 S.W.2d 398 (1983). We agree that *Williford* supports the appellant's position.

In *Williford*, the court held that the wife was entitled to one-half of the net value of the improvements to the husband's separate real property. The wife had moved into her husband's home, combining her goods with his; thereafter, his homeowner's insurance was amended to include her as a named insured. A few months later, the home and its furnishings were partially destroyed by a tornado. From the insurance proceeds, the husband satisfied a mortgage on the property ($29,534.00), and another $14,267.00 was paid to the Willifords jointly for the damaged furnishings. The Willifords then rebuilt the house, using $14,000.00 of the insurance money as a down payment to the contractor, and they borrowed $26,000.00 from a bank. Title to the property remained in Mr. Williford's name. When Mrs. Williford later filed for divorce, she claimed an interest in the real property. The chancellor awarded her an interest, but he did not correctly determine the method of computation.

On appeal, the Arkansas Supreme Court held that the rebuilt dwelling (but not the lot) did constitute "marital property" as defined in Ark. Stat. Ann. Section 34-1214 to the extent that joint funds were used to acquire the property, less the unpaid amount of the loan. The court specifically held that the chancellor erred in failing to give Mrs. Williford credit for that part of the purchase price which she contributed through the use of the joint down payment. The court apportioned the parties' relative rights to the value of the property as follows:

> We think, too, that Mr. Williford is entitled to the full value of the usable items salvaged from the tornado, which the testimony clearly establishes. An appraisal expert fixed the value of the lot and the other improvements used in the rebuilding at $23,050.00. When that value is taken from

the value of the finished dwelling, $57,359.00, it leaves $34,309.00. Subtracting the loan of $26,000.00, which Mrs. Williford does not dispute, leaves a balance of $8,309.00, thus:

| | |
|---|---|
| Appraised value | $57,359.00 |
| Less Mr. Williford's property | −23,050.00 |
| Net | $34,309.00 |
| Less loan from Security Savings | −26,000.00 |
| Marital property | $ 8,309.00 |

| | | |
|---|---|---|
| One-half to Mrs. Williford | $4,154.50 | |
| One-half to Mr. Williford | 4,154.50 | |
| | $8,309.00 | $8,309.00 |

280 Ark. at 75-76, 655 S.W.2d at 400-01.

■ The appellee has attempted to avoid the impact of *Williford, supra,* by arguing that the appellant failed to adequately show that he helped make the improvements. According to the appellee, the appellant took no steps to "bring himself under the law of marital property in Arkansas" because he failed to produce a written record of time spent on yard work and receipts showing that he paid for any improvements. This argument is not persuasive. Without dispute, marital funds (the joint tax refund checks) were clearly spent in constructing the storage building and in recarpeting the house. The fact that no written records were produced is not relevant, since the parties were in agreement as to these items. The appellee further acknowledged the fact that the appellant worked with her in building the storage building and in working on the yard.

The appellee has also argued that it is the law in Arkansas that if non-marital funds are spent by a spouse to improve the separate property of the other spouse, the improvements are presumed to be a gift, and cites *Smith* v. *Smith*, 227 Ark. 26, 295 S.W.2d 790 (1956) in support of this principle. *Smith* held that a husband's advancement of funds to improve a wife's property is presumed to be a gift and that the presumption can only be overcome by clear and convincing evidence. We do not agree with this argument, as applied to the instant case, for two reasons.

■ First, the funds expended by the appellant upon the

improvements at issue, unlike those in *Smith*, were *not* the separate property of the appellant. The parties did not dispute the fact that the joint income tax refund checks were marital property. In *Callaway* v. *Callaway*, 8 Ark. App. 129, 648 S.W.2d 520 (1983), this Court distinguished *Smith* from situations in which the improvements are made from marital property, i.e., income earned by the parties during the marriage. As we pointed out in *Carrick*, a spouse is entitled to improvements made during the marriage on non-marital property if he can prove he helped make them.

Second, though we need not decide this issue, we note that it is questionable whether this legal presumption of a gift in such cases is constitutional in light of *Stokes* v. *Stokes*, 271 Ark. 300, 613 S.W.2d 372 (1981). In *Stokes*, the Arkansas Supreme Court held that certain Arkansas statutes relating to the right of a widow to take against the will were unconstitutional because they were gender-based and did not serve an important governmental function. In *Callaway*, we expressed our concern whether the presumption of a gift when the husband makes improvements to the wife's separate property is now applicable in light of *Stokes, supra*, but did not find it necessary to decide the issue. In *Carrick* v. *Carrick*, 13 Ark. App. 42, 679 S.W.2d 800 (1984), this Court emphasized the fact that the presumption of a gift is rebuttable and, when strictly applied, frequently brings about a result that is harsh and inequitable.

It is apparent that the chancellor believed it would be inequitable to give the appellant an interest in the improvements to the appellee's separate property because, while the appellee continued to make the mortgage payments thereon, the appellant did not contribute to these payments although he was saving approximately $250.00 in rent each month. We agree. However, it is not clear from the chancellor's order or comments from the bench whether he found such improvements to be marital property or the separate property of the appellee. Clearly, the improvements made to the appellee's house and yard, whether paid for by the joint tax refund checks or by the appellee's income earned during the marriage, are marital property. Therefore, if the chancellor did intend that these improvements be held to be marital property, he failed to adequately explain the basis for his unequal division, as required by Section 34-1214(A)(1). *See*

*Jones* v. *Jones*, 17 Ark. App. 144, 705 S.W.2d 447 (1986).

Additionally, this Court is unable to follow the guidelines for allocation of the parties' respective interests in the improvements as set forth in *Williford, supra,* based on the evidence presented below. Neither of the parties presented any evidence of the appraised value of the improvements made to the property during the course of the marriage. The appellant simply guessed that the new building was worth $10,000.00 and that the driveway, yard work and flower beds added another $8,000.00 in value to the property. The appellee testified that the storage building is insured for $7,600.00.

We therefore reverse and remand, for further proceedings consistent with this Court's opinion, that portion of the order denying the appellant any claim to the improvements made to the appellee's real property during the marriage.

Reversed and remanded.

CRACRAFT, C.J., and MAYFIELD, J., agree.