STIMMEL *v.* STIMMEL.

4-9373                                    235 S. W. 2d 959

Opinion delivered January 29, 1951.

*Marvin A. Hathcoat,* for appellant.

ED. F. McFADDIN, Justice. This appeal challenges a decree which (a) granted the husband a divorce; and (b) refused to award the mother support money for their minor child.

Mr. and Mrs. Stimmel were married in 1931, and their daughter, Bette Jean, was born in 1933. The family lived in Brooklyn, New York. Mr. Stimmel became enamored of another woman; and several separations, and reconciliations, occurred; also there were divorce proceedings filed and withdrawn, both in Michigan and New York. On September 29, 1949, Mr. Stimmel arrived in Little Rock, Arkansas, and engaged a room

for which he paid rent for several weeks but which he occupied for a few days. On October 3rd he became a soliciting agent for an insurance company in Arkansas; and on October 13th he rented a room in Harrison, Boone County, Arkansas. He solicited insurance in Boone, and other counties of Northwestern Arkansas, and made one or more trips to Missouri. Then on December 6th he filed in Boone County, Arkansas, his present suit for divorce, alleging three years separation (the seventh ground for divorce set forth in § 34-1202, Ark. Stats.). Mrs. Stimmel, a resident of Brooklyn, New York, resisted the divorce and also sought an award of support for herself and daughter, in her custody. The Chancery Court granted Mr. Stimmel a divorce and refused to order him to pay any support money; and Mrs. Stimmel has appealed.

We hold that the learned Chancery Court erred in granting Mr. Stimmel a divorce. Some of the Judges of this Court are of the opinion that Mr. Stimmel did not prove a *bona fide* residence in Arkansas within the purview of our cases, such as *Cassen* v. *Cassen*, 211 Ark. 582, 201 S. W. 2d 585, and *Swanson* v. *Swanson*, 212 Ark. 439, 206 S. W. 2d 169. Mr. Stimmel "stopped off." in Little Rock on September 29th, en route to San Antonio, Texas. The renting of a room in Little Rock and in Harrison, and the other acts he did, are not deemed sufficient to constitute a *bona fide* residence for two months before the filing of the suit. The essential as to *bona fide* residence must exist not only at the time the decree be rendered, but also must have existed at the time the suit was filed.

Other Judges of this Court are of the opinion that, irrespective of the matter of *bona fide* residence, nevertheless Mr. Stimmel failed to have corroboration of his alleged ground of divorce. Our cases hold that the plaintiff's testimony, as to grounds for divorce, must be corroborated and that a divorce cannot be granted without such corroboration. See *Allen* v. *Allen*, 211 Ark. 335, 200 S. W. 2d 324, and other cases there cited. Even if Mrs. Stimmel had admitted the three-year separation,

still, under our holdings, such was not sufficient corroboration; for in *Pryor* v. *Pryor*, 151 Ark. 150, 235 S. W. 419, Mr. Justice WOOD, in quoting from earlier cases, said:

" '. . . divorces are not granted upon the uncorroborated testimony of the parties and their admissions of the truth of the matters alleged as grounds therefor. . . .' "

The only witnesses whose testimony tended to corroborate Mr. Stimmel were Mr. and Mrs. Carpenter. Mr. Carpenter testified that all of his information about Mr. Stimmel's alleged ground for divorce was acquired from what Mr. Stimmel had told him.[1] Mrs. Carpenter likewise admitted that she had no firsthand information on the matter and only knew what Mr. Stimmel had told her. The testimony of these parties is not sufficiently competent to constitute corroboration.

So, because of absence of proof of *bona fide* residence, and also because of the absence of corroborative testimony, we conclude that the divorce decree should not have been granted Mr. Stimmel.

On the question of support money for the minor daughter, we are unanimously of the opinion that the learned Chancellor was in error in refusing to make an award. The mother, having the·custody of the minor, was entitled to an award; and the evidence shows that Mr. Stimmel was able to make some contribution. Without detailing the evidence, it is sufficient to say that Mr. Stimmel should now be ordered by the Chancery Court

---

[1] Here is Mr. Carpenter's testimony:

"Q. Do you know the defendant, Violet V. Stimmel?

"A. Only from what I have heard. I have never met her personally.

"Q. During the period of your acquaintance with Mr. Stimmel, has he lived or cohabited with Mrs. Violet Stimmel?

"A. I have very good reason to know that he hasn't.

"Q. In other words, if he has lived with her it is beyond your knowledge?

"A. Yes, sir.

"Q. You think that he has not?

"A. Absolutely not. I gain that from correspondence I had with him at different points."

to pay his wife for the support of the minor daughter the sum of $20 per month from January 1, 1950. From such an award there may be deducted any amounts shown to have been paid by Mr. Stimmel during such period. The order for support money will continue until changed conditions are shown.

The decree of the Chancery Court is reversed and the cause remanded, with directions to enter a decree in accordance with this opinion and without prejudice to Mr. Stimmel's right to file a new suit for divorce if and when he establishes *bona fide* residence in Arkansas.

Justices MILLWEE, WARD, and ROBINSON dissent as to residence and corroboration, but agree as to support money.