HIGHSMITH *v.* HIGHSMITH.

4-9529

240 S. W. 2d 5

Opinion delivered June 11, 1951.

*Jacobson & Meurer,* for appellant.

*S. J. Reid,* for appellee.

PAUL WARD, J.   On August 25, 1950, Everett High-smith, appellee here, filed a complaint against appellant for a divorce on the ground of desertion.   On the same date he made an affidavit for warning order stating his wife was a non-resident and the clerk appointed an attorney *ad litem.*   On October 23rd, the attorney for the non-resident filed his report stating he had written and mailed a letter to appellant at her last known address and that the same was returned to him.   A copy of the letter was attached as stated in the report and shows it was dated October 6, 1950, and addressed to appellant at "Charleston, S. C."

The testimony consisted of depositions by the plaintiff and one Zelma Pumphrey.   The depositions were taken before and in the office of plaintiff's attorney. The record is silent as to any notice.

The testimony of appellee regarding desertion is that he and appellant married in June, 1948, and separated in February, 1949; that appellant ceased to care for him any more; that she willfully deserted him although he did not give her any cause to do so; that they have not lived together since separating; that he does not know where she is now and gave his attorney her last known

address; and that a little girl, named Dolline, now past one year of age, was born to them.

The only testimony purporting to corroborate desertion was by Zelma Pumphrey who stated that she knew the plaintiff, but never had occasion to visit in his home during his marriage; that plaintiff and his wife separated in February, 1949; that she could not say exactly what was the cause of separation, but *understands* appellant left her husband on the date of separation without cause; that she never heard of him treating her unkindly, but has the *impression* that he was good to her; and she *understands* one child was born as a result of their marriage. The Chancellor granted plaintiff a divorce and the defendant appeals to this court.

The decree of the lower court must be reversed because of the lack of sufficient corroboration. Our court has many times held in such cases that the testimony of the plaintiff must be corroborated. One case is *Sisk* v. *Sisk*, 99 Ark. 94, 136 S. W. 987, where the facts are similar to this case. A recent case (Jan. 29, 1951) is *Stimmel* v. *Stimmel*, 218 Ark. 293, 235 S. W. 2d 959. Here the deposition of Zelma Pumphrey plainly shows that she knew very little about the material issues and that her statements were based on impressions or hearsay.

It is not necessary to discuss other issues raised by appellant.

The decree is reversed and the cause remanded and the lower court is directed to set aside the decree heretofore entered.