

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 23, 2007

The Honorable Eddie Lucio, Jr.
Chair, Committee on International Relations
   and Trade
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0533

Re: Counties' alternatives for disposing of seized gambling contraband (RQ-0536-GA)

Dear Senator Lucio:

On behalf of the Sheriff of Cameron County, you ask about the county's statutory alternatives for disposing of seized gambling contraband, specifically, slot machines known as "eight-liner" machines.[1]

You ask generally about disposition of eight-liner machines forfeited under article 18.18 of the Code of Criminal Procedure. Request Letter, *supra* note 1, at 1. Article 18.18 of the Code of Criminal Procedure provides for the destruction or forfeiture of gambling contraband:

> Following the final conviction of a person for possession of a gambling device or equipment, altered gambling equipment, or gambling paraphernalia, . . . the court entering the judgment of conviction shall order that the machine, device, gambling equipment or gambling paraphernalia . . . be destroyed or forfeited to the state. . . . If forfeited, the court shall order the contraband delivered to the state, any political subdivision of the state, or to any state institution or agency. If gambling proceeds were seized, the court shall order them forfeited to the state and shall transmit them to the grand jury of the county in which they were seized for use in investigating alleged violations of the Penal Code, or to the state, any political subdivision of the state, or to any state institution or agency.

TEX. CODE CRIM. PROC. ANN. art. 18.18(a) (Vernon Supp. 2006); *see also* TEX. PENAL CODE ANN. § 47.06 (Vernon 2003) (criminalizing possession of gambling device, equipment, or paraphernalia). Article 18.18 further provides procedures for destruction or forfeiture of such contraband when

---

[1] *See* Letter from Honorable Eddie Lucio, Jr., Chair, Committee on International Relations and Trade, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Sept. 22, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

prosecution or conviction does not follow seizure. TEX. CODE CRIM. PROC. ANN. art. 18.18(b)–(f) (Vernon Supp. 2006). *See generally State v. Dugar*, 553 S.W.2d 102, 103–04 (Tex. 1977) (describing differences between article 18.18(a) and (b)). Article 18.18 does not, however, prescribe a particular manner for disposing of gambling contraband following forfeiture.

As article 18.18 does not specify a method for disposing of forfeited gambling property, you ask about the applicability of Local Government Code chapter 263, subchapter D, or "any other statutes" that may provide a means of disposal other than that set forth in chapter 263. *See* Request Letter, *supra* note 1, at 1. You are particularly interested in any statutory procedures that would allow a sale to "private investors by a method other than at an open auction." *Id.* The Sheriff has suggested that by selling the eight-liner machines in bulk to private investors rather than at public auction, the county might obtain a better price.[2] It has also been suggested that a sale by a method other than an open auction might allow the county "to ensure that the equipment is not used in the local community or anywhere else its use is illegal." *See* Request Letter, *supra* note 1, at 1.[3] Consequently, we examine the Code of Criminal Procedure and the Local Government Code for pertinent provisions.

Chapter 59 of the Code of Criminal Procedure contains detailed provisions for disposition of forfeited property. *See* TEX. CODE CRIM. PROC. ANN. art. 59.06 (Vernon 2006). *See generally id.* arts. 59.01–.14 (chapter 59). However, chapter 59's definition of "contraband" suggests that the chapter ordinarily does not apply to "a gambling device or equipment, altered gambling equipment, or gambling paraphernalia" that may be forfeited under article 18.18. "Contraband" under chapter 59 is defined as property (1) used in the commission of a first or second degree felony or (2) used or intended to be used in one of the offenses specifically listed in the definition. *See id.* art. 59.01(2). The definition does not expressly include any gambling offenses, such as those in chapter 47 of the Penal Code. *See* TEX. PENAL CODE ANN. §§ 47.01–.10 (Vernon 2003). And none of the gambling offenses in chapter 47 of the Penal Code are first or second degree felonies. *See id.* In particular, the gambling offense mentioned in article 18.18 of the Code of Criminal Procedure, "possession of a gambling device or equipment, altered gambling equipment, or gambling paraphernalia," is a class A misdemeanor. *Compare id.* § 47.06(a), (e) (making possession of a gambling device a "Class A misdemeanor"), *with* TEX. CODE CRIM. PROC. ANN. art. 18.18(a) (Vernon Supp. 2006) (providing for disposition of gambling contraband "[f]ollowing the final conviction of a person for possession of a gambling device or equipment, altered gambling equipment, or gambling paraphernalia").[4]

---

[2]Letter from Honorable Omar Lucio, Sheriff of Cameron County, to Honorable Eddie Lucio, Chair, Senate Committee on International Relations and Trade, at 2 (Aug. 14, 2006) (attached to Request Letter, *supra* note 1) (on file with the Opinion Committee).

[3]As you note, article 18.18 expressly authorizes the destruction of gambling contraband, which would achieve the goal of ensuring that the property is not reused for illegal purposes. *See* Request Letter, *supra* note 1, at 1; TEX. CODE CRIM. PROC. ANN. art. 18.18(a) (Vernon Supp. 2006).

[4]Under section 71.02 of the Texas Penal Code, a person commits the offense of engaging in organized criminal activity by committing or conspiring to commit, with the requisite intent, "any gambling offense punishable as a Class A misdemeanor," among other listed offenses. *See* TEX. PENAL CODE ANN. § 71.02(a) (Vernon Supp. 2006). An offense
(continued...)

Eight-liner machines seized under article 18.18 of the Code of Criminal Procedure ordinarily would not constitute chapter 59 "contraband" and thus would not be subject to that chapter's procedures.

Other provisions in the Code of Criminal Procedure that deal with the disposition of property under specific circumstances are inapplicable to gambling property forfeited under article 18.18. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. arts. 18.17 (Vernon 2005) (disposition of unclaimed or abandoned property); 47.01–.12 (Vernon 2006) (disposition of stolen property). Consequently, the Code of Criminal Procedure does not provide a means for disposing of eight-liner machines forfeited under article 18.18.

Thus, we turn to chapter 263 of the Local Government Code, by which a county may sell or lease property. Subchapters A, B, C, E, and F of chapter 263 do not apply because they all concern disposition of property under specific circumstances that would not include forfeited personal property. *See* TEX. LOC. GOV'T CODE ANN. §§ 263.001–.107, .201–.251 (Vernon 2005). Chapter 263's remaining property disposition provisions, those in subchapter D, authorize a county to dispose of personal property as either "salvage property" or "surplus property," which are defined terms:

> (1) "Salvage property" means personal property, other than items routinely discarded as waste, that because of use, time, accident, or any other cause is so worn, damaged, or obsolete that it has no value for the purpose for which it was originally intended.
>
> (2) "Surplus property" means personal property that:
>
> (A) is not salvage property or items routinely discarded as waste;
>
> (B) is not currently needed by its owner;
>
> (C) is not required for the owner's foreseeable needs; and
>
> (D) possesses some usefulness for the purpose for which it was originally intended.

*Id.* § 263.151. *See generally id.* §§ 263.151–.158 (subchapter D). Section 263.152 authorizes the commissioners court to "periodically sell the county's surplus or salvage property." *Id.* § 263.152(a).

Eight-liner machines are personal property. *See San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 640 (Tex. 2000) ("Personal property is defined broadly to include everything that is subject to ownership not falling under the definition of real estate."). Whether the county is the "owner" of such property would depend on the terms of the court's order of forfeiture. The property

---

[4](...continued)
under section 71.02 "is one category higher than the most serious offense [in the section's list of crimes] that was committed, and if the most serious offense is a Class A misdemeanor, the offense is a felony of the third degree." *Id.* § 71.02(b).

would likely qualify as salvage property if "it has no value for the purpose for which it was originally intended" and otherwise meets that definition, or as surplus property, assuming the county is the owner of the property, if it "possesses some usefulness for the purpose for which it was intended." *See* TEX. LOC. GOV'T CODE ANN. § 263.151 (Vernon 2005). Thus, to answer your initial question, depending on the terms of the court's order and the particular facts and circumstances, Local Government Code chapter 263, subchapter D may apply to the disposal of eight-liner slot machines. And our review has not revealed another statute that would apply generally to the county's sale of property forfeited under article 18.18 of the Code of Criminal Procedure.

Consequently, we next consider the methods of sale that subchapter D, chapter 263 of the Local Government Code allows. The commissioners court is authorized to "adopt rules necessary to administer" subchapter D. *Id.* § 263.158. Nevertheless, section 263.152 authorizes the sale of surplus or salvage property only "by competitive bid or auction." *Id.* § 263.152(a).[5] Thus, although the commissioners court's rule-making authority gives it some discretion to choose the method and terms of sale of surplus or salvage property, such rules must be consistent with a sale by "competitive bid or auction." *Id.*

While no statute defines "competitive bid or auction," the Supreme Court of Texas has described the "purpose and intent of competitive bidding ordinances and statutes" as follows:

> "Competitive bidding" requires due advertisement, giving opportunity to bid, and contemplates a bidding on the same undertaking upon each of the same material items covered by the contract; upon the same thing. It requires that all bidders be placed upon the same plane of equality and that they each bid upon the same terms and conditions involved in all the items and parts of the contract, and that the proposal specify as to all bids the same, or substantially similar specifications. . . . There can be no competitive bidding in a legal sense where the terms of the letting of the contract prevent or restrict competition . . . .

*Tex. Highway Comm'n v. Tex. Ass'n of Steel Imps., Inc.*, 372 S.W.2d 525, 527 (Tex. 1963) (quoting *Sterrett v. Bell*, 240 S.W.2d 516, 520 (Tex. Civ. App.—Dallas 1951, no writ)). In short, competitive bidding procedures will generally include due advertising and terms of purchase or sale that treat bidders equally and do not restrict competition.[6] Assuming that chapter 263 applies to the sale of a particular eight-liner machine forfeited under article 18.18 of the Code of Criminal Procedure, the

---

[5]Section 263.152(a) contains an exception to the bidding or auction requirement when the purchaser of the property is another county or political subdivision. TEX. LOC. GOV'T CODE ANN. § 263.152(a) (Vernon 2005). The statute also allows a county to trade in, destroy, or donate to charity county property under certain circumstances. *Id.* § 263.152(a)(2)–(4).

[6]The County Purchasing Act contains procedures and requirements for a county to purchase property by competitive bid. *See generally id.* §§ 262.021–.036 (Vernon 2005). While the County Purchasing Act applies to county purchases rather than sales, it provides general insight into the Legislature's view of competitive bidding practices.

commissioners court may by rule adopt a method of sale other than at "open auction" provided the method is essentially a sale by competitive bid or auction. *See* TEX. LOC. GOV'T CODE ANN. §§ 263.152–.158 (Vernon 2005).

Perhaps anticipating this answer, you also ask whether "the county [may] use a competitive bidding procedure under which bidders are required to contractually agree to take the equipment to a jurisdiction where its use is not illegal." Request Letter, *supra* note 1, at 1. You express some concern that such a requirement might constitute an improper geographic restriction on the sale. *See id.* (citing Tex. Att'y Gen. Op. Nos. MW-139 (1980), DM-113 (1992)). While such a requirement might restrict the number of willing bidders, chapter 263 authorizes the commissioners court or its representative to reject any bid "in the best interests of the county." *See* TEX. LOC. GOV'T CODE ANN. § 263.154 (Vernon 2005). The county's best interest is a question of fact for the commissioners court to determine in the first instance and thus cannot be resolved in the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0446 (2006) at 18 ("Questions of fact are not appropriate to the opinion process."). But given the county's interest in ensuring that the eight-liner machines are not used illegally in the community, we believe the commissioners court could exercise its rule-making authority to condition all sales on the purchaser's agreement to remove the machines to a jurisdiction where their use would not be illegal. *See* TEX. PENAL CODE ANN. § 47.06(a), (f) (Vernon 2003) (making it an offense to own, transfer, or possess a gambling device with intent to promote gambling; recognizing a defense when the purpose is to ship the device to another jurisdiction where possession or use is legal).

## S U M M A R Y

Depending on the terms of the court order forfeiting eight-liner machines as gambling contraband, and assuming such machines meet the definition of surplus or salvage property under Local Government Code chapter 263, a county commissioners court may order the machines sold by competitive bid or auction. The commissioners court may adopt rules requiring the purchasers to remove the property to a jurisdiction in which its use is legal.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee